IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,

Defendant

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the following:

(1) **Plaintiff's Motion for Leave to Join Parties and Amend First Amended Complaint** [Doc. # 42, filed 5/24/2011] (the "Motion to Amend"); and

(2) **Plaintiff's Motion for Leave to File Reply [etc.]** [Doc. # 50, filed 6/21/2011] (the "Motion to Reply").

I held a hearing on the motions this afternoon and made rulings and recommendations on the record, which are incorporated here.

This case began as a patent infringement case with claims of direct infringement and inducing infringement against a single defendant, International Playthings, LLC ("IPT"). Complaint [Doc. # 1, filed 9/16/2010]. The plaintiff subsequently filed a First Amended Complaint [Doc. # 15, filed 2/4/2011] to correct a technical error. No new claims or defendants were added.

The plaintiff now seeks leave to add new claims and join additional defendants. Specifically, the plaintiff seeks to:

(1) Amend its claim for direct patent infringement to add two additional defendants--Yookidoo, the manufacturer of the allegedly infringing product; and Toys "R" Us, a retailer that purchases the allegedly infringing product from IPT;

(2) Join Yookidoo as a defendant to its claim for inducing infringement;

(3) Add a claim for false marking against IPT and Yookidoo;

(4) Add a claim for false advertising in violation of the Lanham Act against IPT and Yookidoo; and

(5) Add a claim for violation of the Colorado Consumer Protection Act against IPT and Yookidoo.

Amendment should be freely allowed when justice so requires. Fed. R. Civ. P. 15(a). Leave to amend may be denied, however, upon a showing of undue delay, undue prejudice to the party opposing amendment, bad faith or a dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility. Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).

The defendant generally argues that leave to amend should be denied because the proposed amendments cannot withstand a motion to dismiss and are futile. Opposition [Doc. # 47] at p. 2. On the record now before me, I cannot say with certainty and as a matter of law that the proposed amendments necessarily are futile. As the court observed in General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 *4 (D. Colo. 2008):

> Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a)

>opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.

There is one exception.  At the hearing, plaintiff's counsel candidly stated that the purpose of adding Toys "R" Us as a defendant is to facilitate discovery.  Counsel also conceded that the necessary discovery may be obtained in less burdensome ways, including the use of subpoenas.  Consequently, with respect to the direct infringement claim against Toys "R" Us, I find that the plaintiff seeks to assert that claim against Toys "R" Us for an improper purpose and in bad faith.

I respectfully RECOMMEND that:

(1)    The Motion to Amend [Doc. # 42] be denied insofar as it seeks to add Toys "R" Us as a defendant to the direct infringement claim.

In addition, IT IS ORDERED:

(2)    The Motion to Amend [Doc. # 42] is GRANTED, except to the extent that it seeks to add Toys "R" Us as a defendant to the First Claim for Relief for direct patent infringement;

(3)    As so limited, the Clerk of the Court is directed to accept for filing the Second Amended Complaint and Demand for Jury Trial [Doc. # 42-1];

(4)    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d

1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996); and

(5) The Motion to Reply [Doc. # 50] is DENIED.

Dated June 21, 2011.

                                              BY THE COURT:

                                              <u>s/ Boyd N. Boland</u>
                                              United States Magistrate Judge