IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company, and
YOOKIDOO LTD., an Israeli partnership,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the following:

(1)     **Plaintiff's Motion for Leave to Join Parties and Amend the Second Amended Complaint** [Doc. # 102, filed 9/15/2011] (the "Motion to Amend Second Amended Complaint"); and

(2)     **Defendant International Playthings, LLC.'s Motion to Seal** [Doc. # 110, filed 9/29/2011] (the "Motion to Seal").

**I. Motion to Amend Second Amended Complaint**

This action began as a patent infringement case with claims of direct infringement and inducing infringement against a single defendant, International Playthings, LLC ("IPT"). Complaint [Doc. # 1, filed 9/16/2010].  The plaintiff subsequently filed a First Amended Complaint [Doc. # 15, filed 2/4/2011] to correct a technical error.  No new claims or defendants were added.  In May 2011, the plaintiff sought leave to again amend the complaint to:

(1) Add two new defendants--Yookidoo, alleged to be the manufacturer of the allegedly infringing products; and Toys "R" Us, a retailer that purchases the allegedly infringing products from IPT;

(2) Join Yookidoo as a defendant to its claim for inducing infringement;

(3) Add a claim for false marking against IPT and Yookidoo;

(4) Add a claim from false advertising in violation of the Lanham Act against IPT and Yookidoo; and

(5) Add a claim for violation of the Colorado Consumer Protection Act against IPT and Yookidoo.  Plaintiff's Motion for Leave to Amend First Amended Complaint [Doc. # 42].

I generally granted the Motion for Leave to Amend First Amended Complaint, with one exception.  <u>See</u> Recommendation and Order [Doc. # 52, filed 6/21/2011].  I recommended denial of that motion with respect to joining Toys "R" Us, finding that with respect to that defendant the motion was made for "an improper purpose and in bad faith."  Order [Doc. # 52] at p. 3.  The plaintiff has objected to that recommendation, Objection [Doc. # 59], and the Objection is pending.

The plaintiff now seeks leave to amend again, this time to (1) add Golos Weisman Design Ltd. ("GWD"), an Israeli partnership "which is the majority owner of Yookidoo and the designer of the infringing products"; and (2) to reconsider, based on an email from IPT to GWD, my earlier recommendation not to allow the joinder of Toys "R" Us.  Motion to Amend Second Amended Complaint [Doc. # 102] at pp. 1-2 and Exh. A.

The plaintiff makes the following argument in support of its request to join GWD:

> Plaintiff seeks to add GWD to this action because plaintiff has
> been advised by Israel counsel that defendant Yookidoo does not

> appear to be a legally organized partnership in Israel which can be
> served with the complaint and summons in this action. GWD is
> apparently the majority owner of Yookidoo and apparently can be
> served with process since plaintiff has been informed that GWD
> appears to be a legally organized partnership in Israel. Documents
> produced by defendant IPT in this action also indicate that GWD is
> the designer of the accused products and is intimately involved in
> the manufacturing and advertising of the accused products.

Motion to Amend Second Amended Complaint [Doc. # 103] at pp. 2-3. The failure previously to join GWD was the result of an asserted contract between Yookidoo and IPT, produced by IPT in discovery, pursuant to which Yookidoo purported to grant IPT an exclusive license to manufacture, market, distribute, and sell the allegedly infringing devices in the United States and Canada.

I find that the confusion resulting from the asserted license from Yookidoo to IPT constitutes good cause for the plaintiff's failure previously to join GWD. In addition, amendment to add GWD is proper under the liberal standard of Rule 15, Fed. R. Civ. P. The Motion to Amend Second Amended Complaint is granted with respect to the addition of GWD as a defendant.

I previously found that the joinder of Toys "R" Us should not be allowed because that amendment was sought for an improper purpose and in bad faith. Order [Doc. # 52] at p. 3. The new argument made in support of the joinder of Toys "R" Us is a single email which the plaintiff claims demonstrates that Toys "R" Us is "heavily involved in the manufacturing of the accused products as well as the advertising of the accused products including the design of the box packaging for the accused products." Motion to Amend Second Amended Complaint [Doc. # 103] at pp. 1-2. I do not agree. It is undisputed that the email on which the plaintiff relies

concerns the involvement of Babies "R" Us, not Toys "R" Us.[1] The plaintiff presents no evidence of the corporate relationship between Babies "R" Us and Toys "R" Us. I am unwilling on the similarity of the corporate names alone, and without any evidence demonstrating that Toys "R" Us controls or is otherwise responsible for the conduct of Babies "R" Us, to find that the single email demonstrates any involvement by Toys "R" Us, much less the heavy involvement alleged by the plaintiff.

## II. Motion to Seal

The defendant seeks an order sealing the Motion to Amend Second Amended Complaint and Exhibits A and C thereto. Motion to Seal [Doc. # 110] at p. 1. Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to seal. It provides in relevant part:

> **A. Scope.** The court has a constitutional obligation to determine whether sealing a paper filed in a case or closing all or a portion of a court proceeding is warranted. On motion and an appropriate showing, a judicial officer may order:
>
> 1. that a paper filed in a case shall be sealed. . . .
>
> **B. Judicial Enforcement of Stipulations to Seal.** A stipulated protective order or a confidentiality agreement executed by the parties, standing alone, will not suffice for sealing a paper or closing a court proceeding to the public, will not substitute for the showing required by D.C.COLO.LCivR 7.2C, and will not be binding on the court.
>
> **C. Motion to Seal.** Any motion to seal or restrict public access shall address, at a minimum:
>
> 1. the nature of the material or proceeding at issue;
>
> 2. the private interest that, when weighed against the qualified

---

[1] The email refers to a meeting with "BRU." I was informed by plaintiff's counsel at the hearing on October 7, 2011, that "BRU stands for Babies "R" Us.

4

>right or presumption of public access to court files and
>proceedings, warrants the relief sought;
>
>3. the clearly defined and serious injury that would result if the
>relief sought is not granted; and
>
>4. why a less restrictive alternative to the relief sought is not
>practicable or would not adequately protect the interest in question
>(e.g., redaction, summarization, limited sealing of exhibits or
>portions of exhibits).
>
>**J. Effect of Denial of a Motion to Seal.** A paper filed under seal
>shall be deemed part of the public record if a motion to seal is
>denied, unless otherwise requested and ordered by the court, or
>subject to Fed. R. Civ. P. 72(a) concerning objections relating to
>non-dispositive matters.

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

>People in an open society do not demand infallibility from their
>institutions, but it is difficult for them to accept what they are
>prohibited from observing. The public has a fundamental interest
>in understanding the disputes presented to and decided by the
>courts, so as to assure that they are run fairly and that judges act
>honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however. To the contrary:

>All courts have supervisory powers over their own records and
>files. Thus a court, in its discretion, may seal documents if the
>public's right of access is outweighed by competing interests.
>
>\* \* \*
>
>[B]ecause the analysis of the question of limiting access is
>necessarily fact-bound, there can be no comprehensive formula for
>decisionmaking. The decision as to access is one best left to the
>sound discretion of the trial court, a discretion to be exercised in
>light of the relevant facts and circumstances of the particular case.

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). Privacy and preservation of trade

secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness.  Huddleson, 270 F.R.D. at 637.

IPT argues that the Motion to Amend Second Amended Complaint and Exhibits A and C thereto "contain customer information and information on pricing of the accused bath toys that is highly confidential information of IPT and is not shared with competitors."  Motion to Seal at pp. 2-3.  I have carefully reviewed the Motion to Amend Second Amended Complaint and I can find no customer information or information on pricing.

Exhibit A to the Motion to Amend Second Amended Complaint is an email from IPT to GWD which discusses a meeting between IPT and a representative of Babies "R" Us.  IPT seeks to redact that portion of the email which addresses packaging of the allegedly infringing toys.  The email reports objections to the proposed packaging by Babies "R" Us and its suggestions for improvements.  The comments do not appear to be particularly sensitive and, more to the point, they are suggestions by Babies "R" Us, not IPT's trade secrets.  IPT has failed to demonstrate any clearly defined and serious injury it will suffer if this information is not sealed.

Exhibit C to the Motion to Amend Second Amended Complaint is an email chain discussing the allegedly infringing toys.  It contains one reference to the price IPT will pay its manufacturer for the allegedly infringing toys during 2010.  The email expressly provides, however, that "2011 prices will be review during Sep/Oct 2010.  Thus, the pricing information is outdated.  In addition, IPT has stated that it has "discontinued all further distribution and sale of the accused infringing products. . . ."  Opposition to Motion to Amend First Amended Complaint [Doc. # 47] at p. 2.  IPT has failed to demonstrate any clearly defined and serious injury it will suffer if outdated pricing information is released about a product it no longer sells.

### III.  Recommendation and Order

I respectfully RECOMMEND that:

(1)     The Motion to Amend Second Amended Complaint [Doc. # 102] be DENIED insofar as it seeks to add Toys "R" Us as a defendant.

In addition, IT IS ORDERED:

(2)     The Motion to Amend Second Amended Complaint [Doc. # 102] is GRANTED, except to the extent it seeks to add Toys "R" Us;

(3)     As so limited, the Clerk of the Court is directed to accept for filing the Third Amended Complaint and Demand for Jury Trial [Doc. # 102-4];

(4)     The Motion to Seal [Doc. # 110] is DENIED;

(5)     The portion of this Order denying the Motion to Seal shall be effective and Documents Nos. 103, 103-1, and 103-2 shall be unsealed and deemed a part of the public record at the later of: (a) November 1, 2011; or (b) following a ruling by the district judge if an objection to the portion of this Order denying the Motion to Seal is filed.  See D.C.COLO.LCivR 7.2J; and

(6)     Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 17, 2011.

                BY THE COURT:

                <u> s/ Boyd N. Boland                      </u>
                United States Magistrate Judge