IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,

    Defendant.

_____

### ORDER AFFIRMING MAGISTRATE JUDGE'S RECOMMENDATIONS
_____

This matter is before the Court on Plaintiff's Motion for Leave to Join Parties and Amend First Amended Complaint [Docket No. 42] filed on May 24, 2011 and Plaintiff's Motion for Leave to Join Parties and Amend the Second Amended Complaint [Docket No. 102] filed on September 15, 2011.  Magistrate Judge Boyd N. Boland issued Recommendations as to each motion [Docket Nos. 52, 117].  Judge Boland granted plaintiff's motions to amend insofar as it asserted additional claims and sought to add Yookidoo, Ltd. ("Yookidoo") [Docket No. 52] and Golos Weisman Design Ltd. ("Weisman") [Docket No. 117] as defendants.  However, Judge Boland recommended that plaintiff's request, made in both motions, to add Toys "R" Us as a defendant be denied.  Plaintiff filed timely objections to those parts of the Recommendations denying leave to add Toys "R" Us as a defendant [Docket Nos. 59, 124].  The Court therefore takes up the motions in light of plaintiff's objections and conducts a *de novo* review.

## I. BACKGROUND

Two Moms and a Toy, LLC initiated this suit as a direct patent infringement case on September 16, 2010 against International Playthings, LLC ("IPT") [Docket No. 1]. Plaintiff alleges that IPT infringed U.S. Patent No. 6,782,567 (the "'567 patent") when it sold two toys under the Yookidoo brand name that contain elements similar to those found in plaintiff's '567 Patent. *Id*. at 4. On January 31, 2011, plaintiff filed an Unopposed Motion for Leave to Amend Complaint [Docket No. 9], which was granted by the Court [Docket No. 14]. The first amended complaint was filed to correct a technical error (i.e., to correct a citation to 35 U.S.C. § 271(a)), but no new claims or defendants were added. Docket No. 9 at 1.

On May 24, 2011, plaintiff sought leave to add new claims and join additional defendants [Docket No. 42]. Specifically, plaintiff sought to: (1) amend its claim for direct patent infringement to add additional defendants, namely, Yookidoo, the manufacturer of the allegedly infringing product, and Toys "R" Us, a retailer that purchased the allegedly infringing product from IPT; (2) add Yookidoo as a defendant to its claim for inducing infringement; (3) add claims for false marking and false advertising against IPT and Yookidoo; (4) add a claim for false advertising in violation of the Lanham Act against IPT and Yookidoo; and (5) add a claim for violation of the Colorado Consumer Protection Act against IPT and Yookidoo. *See* Docket No. 42-1.

In response to plaintiff's motion for leave to join parties and amend the complaint, IPT asserts that plaintiff's motion is made in bad faith and is undertaken for "no other purpose than to harass Defendant and cause potential harm to its customer relations." Docket No. 47 at 2.

Subsequent to both parties' filings, Judge Boland scheduled a hearing on plaintiff's motion.  On June 21, 2011, after reviewing the evidence presented at the hearing and in the motions, Judge Boland issued a Recommendation of United States Magistrate Judge and Order [Docket No. 52].  In the Order, Judge Boland recommended denial of plaintiff's motion insofar as it sought to add Toys "R" Us as a defendant.  Docket No. 52 at 3.  Judge Boland concluded that plaintiff's motion was made in bad faith because plaintiff's primary purpose in joining Toys "R" Us was to facilitate discovery and not to pursue a direct infringement suit against Toys "R" Us.  *Id.*  Judge Boland reasoned that it would be improper to join Toys "R" Us solely for discovery purposes since subpoenas were a less burdensome means of accomplishing the same goal.  *Id.*

On June 30, 2011, plaintiff filed an objection to Judge Boland's Recommendation of June 21, 2011, challenging Judge Boland's finding that its attempt to add Toys "R" Us is improper and in bad faith.  Plaintiff asserts that the request to add Toys "R" Us is not improper because plaintiff is entitled to sue a "customer" defendant.  Docket No 59 at 2.  Plaintiff maintains that, because the customer-suit exception does not apply to this case, plaintiff can sue the manufacturer and the customer jointly since they are within the same jurisdiction.  Docket No. 59 at 2-3.  Moreover, plaintiff argues that, because IPT has been uncooperative during discovery, it needs to file suit against one of IPT's customers to facilitate the discovery process.  Docket No. 59 at 3.

On September 15, 2011, plaintiff sought leave to amend the complaint for a third time by adding Weisman and Toys "R" Us as defendants.  Docket No. 103 at 2-3.  Plaintiff asserts that it must add Weisman as a defendant because, under Israeli law,

Yookidoo is not a partnership amenable to service of process. *Id.* at 4.  Second, plaintiff claims that it should be granted leave to add Toys "R" Us to the litigation because Toys "R" Us was involved in "designing the box packaging for the accused products." *Id*. at 3. Plaintiff argues that an email between IPT and Babies "R" Us establishes that Toys "R" Us was involved in the manufacturing and advertising of the alleged infringing product. *Id*.  Additionally, plaintiff argues that Toys "R" Us was aware of the '567 patent as early as July 29, 2004.  Docket No. 102-2 at 2.  Defendant opposes both requests and states that plaintiff has not established "good cause" to amend the Scheduling Order.  Docket No. 115 at 3.

On October 17, 2011, Judge Boland entered a Recommendation of United States Magistrate Judge and Order [Docket No. 117].  In the Order, Judge Boland again recommended denial of plaintiff's motion to add Toys "R" Us as a defendant.  Docket No. 117 at 3.  Judge Boland found that a single email between IPT and Babies "R" Us did not constitute "heavy" involvement in the "manufacturing of the accused products as well as the advertising of the accused products."  Docket No. 117 at 3.  Judge Boland concluded these allegations were insufficient to amend the complaint because plaintiff failed to establish a credible corporate relationship between Babies "R" Us and Toys "R" Us.  *Id*. at 4.

On November 1, 2011, plaintiff filed an objection to the October 17, 2011 Recommendation [Docket No. 123].  Plaintiff argues that it should be granted leave to add Toys "R" Us as a party because research confirms what it asserted at the October 7, 2011 hearing, namely, that Babies "R" Us is a subsidiary of Toys "R" Us.  Docket No. 123 at 4.

4

## II. ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure provides that, following a twenty-one day period for service of complaint, service of a responsive pleading, or a Rule 12 motion, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave [to amend] when justice so requires." *Id*. Nevertheless, denying leave to amend is justified if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). As a general rule, the Court retains the discretion to permit such amendments. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). However, the Court must delineate its rationale if it refuses leave to amend. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

### A. June 21, 2011 Recommendation

#### *1. Bad Faith and Improper Purpose*

Bad faith with regard to a Rule 15 motion can be inferred if the proposed amendment directly contradicts allegations made in the original pleading, such that the original and amended factual accounts cannot be reconciled. *See Ayon v. Gourley*, 185 F.3d 873, 1999 WL 516088, at *3 (10th Cir. 1999); *First Am. Mortg.*, *Inc. v. First Home Builders of Fla.*, No. 10-cv-00824-REB-MEH, 2010 WL 5230902, at *6 (D. Colo. Dec. 15, 2010) (discussing bad faith in conjunction with Rule 15 within the Tenth Circuit). Bad faith may also be inferred if a party seeks leave to amend for an improper purpose. *See Ayon*, 1999 WL 516088, at *3 ("lightly veiled attempt to avoid allegations . . . which are unfavorable to plaintiff").

Judge Boland concluded that the addition of Toys "R" Us was significantly motivated by discovery and not plaintiff's desire to enforce a direct infringement suit against Toys "R" Us.  *See* Docket No. 52 at 3.  Plaintiff acknowledged this purpose during a hearing in front of Judge Boland when, in response to the direct question of why Toys "R" Us should be added, plaintiff stated, "[f]or the reason of pursuing discovery against [Toys "R" Us] in the case . . . That's the primary reason."  Docket No. 71-1 at 10.  Additionally, plaintiff did not deny that it could obtain the relevant discovery from Toys "R" Us through the use of subpoenas, but plaintiff objected to this option because it would "actually increase costs for plaintiff."  Docket No. 59 at 3.

In *Hayes v. SmithKline Beecham Corp.,* the court, faced with a similar set of facts, denied plaintiffs' motion to amend the complaint to add a defendant because the motion was "merely an attempt to circumvent the discovery process."  2008 WL 5003567, *4 (N.D. Okla. Nov. 20, 2008).  In that case, defendant SmithKline Beecham Corporation ("SKB") was the U.S. based subsidiary of GlaxoSmithKline plc ("GSK"), a United Kingdom ("UK") corporation.  *Id*. at *1.  Plaintiffs sought leave to add GSK as a defendant "for the purpose of securing needed testimony from fact witnesses."  *Id.* at *4.  Plaintiffs asserted that SKB refused to cooperate during discovery and adding GSK as a party would allow plaintiffs to gain access to certain UK-based witnesses that were otherwise under SKB's control.  *Id*.  SKB responded that plaintiffs' motion to amend should be denied because it was made in bad faith for an improper purpose.  *Id.* at 4.  SKB claimed that plaintiffs' motion to amend was an attempt to circumvent the discovery procedures established in the Hague Convention for deposing foreign individuals.  *Id*. at 4.

In denying plaintiffs' motion for leave, *Hayes* held that plaintiffs would not be permitted to add parties for the purpose of gaining access to discovery. *Id*. at 4. The court found that plaintiffs could not assert valid claims against GSK and reasoned that, in the absence of a valid claim, allowing plaintiffs to amend the complaint would only serve to facilitate discovery. *Id*. Moreover, the court found that adding GSK to the litigation would force SKB to incur additional expenses. *Id*.

Similarly, allowing plaintiff to amend the complaint in this case would only serve to facilitate discovery. Plaintiff acknowledges that the primary purpose for adding Toys "R" Us as a party is to pursue discovery. Further, just as plaintiffs in *Hayes* could obtain discovery by complying with the Hague Convention, here plaintiff does not deny that it could obtain discovery through the use of subpoenas. Additionally, it is undisputed that adding Toys "R" Us to the litigation would significantly increase IPT's litigation costs and potentially affect its business relations. Finally, although plaintiffs in *Hayes* were unable to assert a valid claim against GSK, the court's primary concern was plaintiffs' attempt to add a party for the improper purpose of circumventing discovery procedures. Thus, even though plaintiff asserts a claim against Toys "R" Us, the Court finds that plaintiff's motion to amend is not motivated by an intent to pursue an infringement action against Toys "R" Us. On the contrary, plaintiff's motion is motivated by the improper purpose of circumventing the costs of discovery. Accordingly, plaintiff's motion for leave to amend the complaint is denied and the Court accepts Judge Boland's Recommendation issued on June 21, 2011 [Docket No. 52].

### *2. Customer-Suit Exception*

In patent cases, where an infringement action has been filed in one court and a declaratory judgment action raising the same issues in another, the "first-to-file" rule favors as a "principle of sound judicial administration" that the first suit should have priority. *Sprint Corp. v. Aerotel, Ltd.*, 2000 WL 382031, at *2 (D. Kan. March 17, 2000) (quoting *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)).  The "customer-suit exception" is an exception to the first-to-file rule which favors the litigation of the subsequent case where the first suit filed is a direct infringement case against a customer who is a reseller of the accused goods and the second suit is a declaratory action brought by the manufacturer of the accused goods.  *Air Prods. & Chems., Inc. v. MG Nitrogen Servs., Inc.*, 133 F. Supp. 2d 354, 357 (D. Del. 2001).  The stay in the second case is usually justified on the rationale that, because the manufacturer is the true defendant, it is presumed to have a "greater interest in defending its actions against charges of patent infringement."  *Kahn*, 889 F.2d at 1081.

Plaintiff asserts that the motion for leave to amend was wrongfully denied because plaintiff has a right to sue any infringer of its '567 Patent.  Docket No. 59 at 3. Plaintiff argues that, since both cases would be filed within the same jurisdiction, the customer-suit exception does not apply.  *Id*.  However, as noted above, the customer-suit exception is merely an exception to the first-to-file rule and does not by itself provide a basis to add a party to ongoing litigation.

The customer-suit exception allows a court to exercise its discretion to stay litigation in a direct infringement suit against a customer while litigation continues in a different jurisdiction against the manufacturer.  *See Kahn,* 889 F.2d at 1081.  The issue

in front of Judge Boland was not a stay of the proceedings, nor did defendants request a stay of the litigation from the Court. On the contrary, the issue before Judge Boland was a Rule 15(a) motion for leave to amend which, if denied, does not necessarily preclude a party from pursuing its claims. Therefore, because Judge Boland's ruling did not pertain to a stay of the litigation, plaintiff's reliance on *Edizone, LLC v. Schering-Plough Healthcare Prods. Inc.*, 2011 WL 1559944 (D. Utah Apr. 25, 2011), and the customer-suit exception is misplaced. As a result, the Court finds that Judge Boland did not err in refusing to add Toys "R" Us as a defendant because the customer-suit exception is inapplicable.

### B.   October 17, 2011 Recommendation

The Court's April 21, 2011 Minute Order [Docket No. 38] extended the original deadline to join parties and amend pleadings to May 25, 2011. Plaintiff filed its third motion to amend on September 15, 2011 [Docket No. 102].

Plaintiff claims that an email between IPT and Babies "R" Us is sufficient proof to assert that Toys "R" Us was involved in the manufacturing of the alleged infringing products. Docket No. 103 at 3. In its objections, plaintiff attaches a copy of the Toys "R" Us website, Docket No. 123-1 at 3, as support for the corporate relationship between Babies "R" Us and Toys "R" Us that it alleged at the hearing on October 7, 2011 [Docket No. 116]. However, plaintiff does not claim that this evidence was unavailable prior to the hearing on October 7, 2011, and plaintiff does not explain why it waited until filing an objection to present this information to the Court. As a consequence, the Court declines to address plaintiff's website evidence because it was not part of the record reviewed by Judge Boland. *See United States v. Garfinkle*, 261

F.3d 1030-31 (10th Cir. 2001) ("[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *see also Thomas v. Arn,* 474 U.S. 140, 148 (1985) ("[t]he same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies [to theories raised for the first time in objections to magistrate judge's recommendations]."). Therefore, the Court accepts Judge Boland's Recommendation entered on October 17, 2011 [Docket No. 117].

### III. CONCLUSION

After *de novo* review, and for the foregoing reasons, it is

**ORDERED** that plaintiff Two Moms and a Toy, LLC's Objections to Recommendation of United States Magistrate Judge and Order [Docket Nos. 59, 124] are **OVERRULED**. It is further

**ORDERED** that the Recommendations of United States Magistrate Judge and Orders [Docket Nos. 52, 117] are **ACCEPTED**. It is further

**ORDERED** that Plaintiff's Motion for Leave to Join Parties and Amend First Amended Complaint [Docket No. 42] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that Plaintiff's Motion for Leave to Join Parties and Amend the Second Amended Complaint [Docket No. 102] is **GRANTED** in part and **DENIED** in part.

DATED November 17, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge