IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN LTD., an Israel partnership, and
YOOKIDOO LTD., an Israeli partnership,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Emergency Motion By Defendant, International Playthings, LLC to Amend Scheduling Order** [Doc. # 143, filed 11/29/2011] (the "Emergency Motion"). The Emergency Motion is in substance a motion to reconsider my Order [Doc. # 142] denying the parties' Joint Motion to Amend Scheduling Order (the "Joint Motion"). The Emergency Motion [Doc. # 143] is DENIED.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted). A motion for reconsideration is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. Id.

The Joint Motion [Doc. # 127] was signed by counsel for the plaintiff and counsel for International Playthings ("IPT"). Id. at p. 4. The Joint Motion requested a four month extension of virtually every pretrial deadline. Id. at pp. 2-3. The grounds advanced were limited to (1) the pendency of IPT's motion to dismiss; (2) the joinder of Yookidoo and Golos-Weisman, which are asserted to be Israeli entities that have not yet been served; and (3) "the current parties agree[ment] that significant additional time will be needed to complete fact and expert discovery. . . ." Id. at ¶¶2-3, 5. I set the Joint Motion for hearing on November 22, 2011. Minute Order [Doc. # 129]. Plaintiff's counsel failed to contact the court for the hearing as ordered, however, and I entered an order to show cause why the case should not be dismissed for lack of prosecution and failure to comply with minute orders concerning the hearing on the joint motion. Order to Show Cause [Doc. # 135] at p. 2. Plaintiff's counsel showed cause for his failure to appear for the hearing on the Joint Motion, and the Order to Show Cause was discharged. Order [Doc. # 142] at p. 5.

Rather than resetting the Joint Motion for hearing, I ruled on it based on the papers submitted. This was within my discretion, see D.C.COLO.LCivR 7.1C,[1] particularly because both the plaintiff and IPT had joined in the motion and neither had indicated any need for further briefing. The minute order setting the Joint Motion for hearing was entered sua sponte, and not at the request of any party.

---

[1] Local rule of practice 7.1C, D.C.COLO.LCivR, which addresses the normal briefing schedule for motions other than those seeking summary judgment or an injunction, provides in relevant part that "[n]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."

In a written Order [Doc. # 142], I denied the Joint Motion because the plaintiff and IPT have had six months or more for discovery and other pretrial matters, and it appears questionable whether Yookidoo and/or Golos-Weisman ever will join the case.  More importantly, I found that the plaintiff and IPT had failed to demonstrate that in the exercise of reasonable diligence they could not meet the deadlines currently in place.  Id. at p. 4.

In support of the Emergency Motion, IPT first argues that it "was denied the opportunity to more specifically explain its position regarding the Joint Motion to Amend . . . due to Plaintiff's counsel, Mr. Smith's, failure to timely appear at the scheduled November 22, 2011 hearing on the Joint Motion to Amend."  Emergency Motion [Doc. # 143] at p. 1.  IPT had a full opportunity to present all of its arguments in support of the Joint Motion through written submissions.  Its purported reliance on an opportunity to advance other arguments at the scheduled hearing was unreasonable in view of D.C.COLO.LCivR 7.1C and the fact that IPT did not request the hearing or file any further supporting brief after Mr. Smith's failure to appear at the hearing.

IPT next argues that it has been diligent in preparing the case and that despite that diligence it cannot meet the existing deadlines.  It is apparent that all of the arguments about IPT's diligence were known to IPT at the time the Joint Motion was filed.  Reconsideration is not appropriate based on arguments that could have been raised in prior briefing but were not.  Servants of the Paraclete, 204 F.3d at 1012.

IPT also argues that it has encountered difficulties in obtaining discovery to which it is entitled.  The argument either is an afterthought or a concoction.  Only one discovery related motion has been filed in this case, and that by the plaintiff in August 2011.  No further discovery

disputes have been brought to my attention, and none were offered as a basis for the four month extension sought by the Joint Motion.

IPT has failed to establish a basis for reconsideration of my Order [Doc. # 142] denying the Joint Motion.

IT IS ORDERED that the Emergency Motion [Doc. # 143] is DENIED.

Dated December 12, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge