IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN LTD., an Israel partnership, and
YOOKIDOO LTD., an Israeli partnership,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Emergency Motion to Reset *Markman* Hearing and Stay Expert Phase of Case Pending the Court's Ruling on Claim Construction** [Doc. # 152, filed 12/22/2011] (the "Motion").  The Motion has been referred to me insofar as it requests a stay of the expert phase of the case.  See Doc. # 153.[1]  To that extend, the Motion is DENIED.

I agree with defendant International Playthings, LLC, that the Motion is a thinly veiled request for reconsideration of my two previous rulings denying motions to extend or otherwise modify the case schedule.  See Order [Doc. # 142] and Order [Doc. # 151].  The bases for plaintiff's request to stay the expert phase of the case are that "expert reports and expert discovery in a patent infringement case is extremely expensive" and that a ruling on claim construction "could end this case and at the very least will provide the parties with needed guidance and information for assessing the patent's strength which will hopefully result in a

---

[1] The district judge has retained to himself the issue of resetting the Markman hearing.

settlement of the case." Motion [Doc. # 152] at ¶4. All of the arguments about expense and efficiency could have been made in connection with the parties' previous Joint Motion to Amend Scheduling Order [Doc. # 127] but were not. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(noting that a motion for reconsideration is not appropriate when the movant seeks to revisit issues already addressed or to advance arguments that could have been raised in prior briefing). In addition, the patent-in-suit concerns a bath toy; the invention is not technically sophisticated; and the plaintiff has failed to identify the claims that must be construed and why construction of claims in this straight-forward invention would materially impact expert preparation and discovery.

This is an old case, having been filed approximately 15 months ago. It has been marred by delays, many caused by the litigation tactics of the plaintiff. Sufficient time has been allowed for the preparation of the case. See Order [Doc. # 142] at pp. 3-4.

IT IS ORDERED that the Motion [Doc. # 152], insofar as it seeks a stay of the expert phase of the case, is DENIED.

Dated January 17, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge