IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN, LTD., an Israel partnership, and
YOOKIDOO, LTD., an Israel partnership,

    Defendants.

---

**ORDER**

---

Plaintiff Two Moms and a Toy, LLC initiated this action on September 16, 2010, alleging, *inter alia*, infringement of United States Patent No. 6,782,567 ("'567 Patent" or the "patent"). The '567 patent has been assigned to plaintiff. Defendant International Playthings, LLC ("IPT") filed a counterclaim against plaintiff which included an allegation that the '567 Patent is invalid. This matter is before the Court on IPT's motion [Docket No. 48] seeking summary judgment on its invalidity claim.

**I. BACKGROUND**

The following facts are not in dispute: The inventors began working on the invention described in the '567 Patent in January 2002, and the patent application was filed on November 3, 2003. The patent is dated August 31, 2004. The '567 Patent's Abstract describes the invention as a "fountain water toy generally for use in a bathtub or pool" which "generally comprises an at least partially submersible pump that is fluidly

coupled with a fountain amusement assembly." '567 Patent (Abstract); *see* Docket No. 48-1 at 2. "The assembly includes one or more spouts through which water is streamed," and "[i]nterchangeable character heads or other fanciful representations are provided to place over the spouts such that when in operation water streams from the character heads." *Id.*

On January 3, 1980, patent application 2,023,435 was published in the United Kingdom ("UK '435 Application"). The UK '435 Application describes a "toy boat which has a motor-driven pump which enables water to be sucked in and expelled through spray jets in imitation of a fire tug." Docket No. 48-3 at 2. "The intake to the pump is arranged in the bottom of the boat to be substantially vertical and this provides for greater stability of the boat when pumping water." *Id.*[1] The toy boat consists of an upper part and a lower part, within which other aspects of the boat are contained, and the upper part can "be removably fastened to the lower part." Docket No. 48-3 at 4, ll. 54-57; *see id.* at 3, Fig 1. (showing "lower part 1" and "upper part 2").

On May 15, 2011, Michael Varda, the President of IPT, and a colleague purchased a product called the Emergency Fire Patrol with Water Jet ("Water Jet Toy")

---

[1]The application contains three claims:
1. A toy boat, having a motor driven pump, which draws in water through an intake orifice location below the waterline and feeds it to spray jets located on the deck, which spray the water substantially upwards, characterised in that the intake orifice for the pump is located in the bottom of the boat and is substantially vertically located.
2. A toy boat according to Claim 1, characterised in that additional ballast is provided in the interior of the boat.
3. A toy boat constructed as herein described with reference to the accompanying drawings.

Docket No. 48-3 at 4.

on eBay and received the toy on May 19, 2011. The packaging it arrived in indicated that a Chinese company, Lucky Clover Toys, manufactured the Water Jet Toy and that it was imported into the United States by an Illinois company called Justen Products.[2] A company by the name of Justen Products, Inc. was incorporated in Illinois on November 14, 1996 and dissolved a couple of years later.

IPT asserts three main arguments in support of its motion for summary judgment, namely, that (1) the Water Jet Toy, which it contends was sold in the U.S. at least a year prior to issuance of the '567 Patent, anticipates Claim 1 of the patent, (2) the UK '435 Application anticipates Claim 1 of the patent, and (3) the combination of these references with other prior art references renders Claims 13 and 17 of the patent obvious.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and

---

[2]The toy appears to have been distributed by a company called St. Evans, Inc. *See* Docket No. 48-5 at 5.

preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010). Furthermore, to establish its invalidity claim on the basis of anticipation or obviousness, IPT must present "clear and convincing evidence." *See Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 607 F.3d 784, 796 (Fed. Cir. 2010) ("To show that a patent claim is invalid as anticipated, the accused infringer must show by clear and convincing evidence that a single prior art reference discloses each and every element of a claimed invention."); *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1360 (Fed. Cir. 2007) ("[T]he burden falls on the patent challenger to show by clear and convincing evidence that a person of ordinary skill in the art would have had reason to attempt to make the composition or device, or carry out the claimed process, and would have had a reasonable expectation of success in doing so.").

### III. DISCUSSION

#### A. Water Jet Toy

IPT argues that the Water Jet Toy "contains each and every feature of [C]laim 1" of the '567 Patent, *see* Docket No. 48 at 14, and, therefore, invalidates the patent under the doctrine of anticipation.[3] *See Scripps Clinic & Research Found. Inc. v. Genentech,*

---

[3] Claim 1 of the '567 Patent provides as follows: "A water toy comprising: an at least partially submersible battery-powered fluid pump; a themed amusement

*Inc.*, 927 F.2d 1565, 1576 (Fed. Cir. 1991) ("Invalidity for anticipation requires that all of the elements and limitations of the claim are found within a single prior art reference."), *overruled on other grounds by Abbott Lab. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009). To be considered potentially invalidating prior art, the invention must have been "patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b).[4] IPT contends that the Water Jet Toy "was in public use, offered for sale and/or sold in the U.S. more than 1 year prior to the November 3, 2003 filing date of the '567 Patent" and "was known or used by others in the U.S. prior to January 2002." Docket No. 48 at 5, ¶¶ 5-6.

As an initial matter, a May 2011 purchase on eBay of a Water Jet Toy clearly does not establish knowledge, sale, or use in this country during the relevant time period. *See Intertech Resources Inc. v. Vital Signs, Inc.,* 1997 WL 359966, at *4 (N.D. Ill. June 13, 1997) (denying summary judgment where defendant failed to provide evidence that the alleged prior art product "was in use or on sale" before the critical date); *cf. Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1075 (N.D. Cal. 2011) (concluding that, because there was no evidence that a dissertation

---

assembly, the amusement assembly including (1) at least one spout out of which water streams when the toy is in operation; and (2) at least one character removably mounted over the at least one spout, wherein water appears to stream from the character when the toy is in operation; and a fluid conduit connecting the fluid pump and the amusement assembly." '567 Patent col. 10 ll. 44-54.

[4]*See* 35 U.S.C. § 102(a) (providing that a "person shall be entitled to a patent unless . . . the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent[.]").

was "publicly available" prior to the critical date, it did not constitute prior art under § 102(b)); *Sparton Corp. v. United States*, 89 Fed. Cl. 196, 210-11 (Fed. Cl. 2009) ("Establishing that a public use is prior art under § 102(b) requires a showing, by clear & convincing evidence, that the use was "'in this country.'") (quoting 35 U.S.C. § 102(b)). IPT further points out that the toy appears to have been imported by a company called Justen Products and that a company called Justen Products, Inc. was incorporated in Illinois for a short time in the 1990s. IPT, however, provides no evidence that Justen Products, Inc. is the same company or, assuming it is, that it ever sold the Water Jet Toy in the United States during that time period. *See* Docket No. 77-5 (Varda 2nd Decl.) at 4, ¶ 7 (stating that the president of Justen Products and a related company "confirmed that his companies imported and sold many toy products while they were in business, but . . . was unable to specifically recall the Water Jet Boat Toy . . . ."). Consequently, IPT has not provided a sufficient factual basis to conclude that the Water Jet Toy constitutes prior art. Its motion will therefore be denied to that extent.

   **B. <u>UK Patent Application</u>**

   IPT also contends that the UK '435 Application anticipates the patent because it "discloses the exact combination of features and components in [C]laim 1 of the '567 Patent." Docket No. 48 at 13. Claim 1 of the '567 Patent describes, among other things, "at least one character removably mounted over the at least one spout, wherein water appears to stream from the character when the toy is in operation." '567 Patent col. 10 ll. 49-52. As IPT points out, *see* Docket No. 48 at 11, the patent defines "character" to mean "any representation of an animate or inanimate object or a portion

6

thereof that is in some manner set apart from its surroundings." '567 Patent col. 3 l. 66 - col. 4 l. 2. IPT contends that a component of the invention described in the UK '435 Application, which is marked as number 6 in Figure 1, constitutes a "[r]emovable character." Docket No. 48 at 14. The UK '435 Application describes that part as consisting of "spray nozzles" that are in some undefined way attached to or part of "upper part 2." Docket No. 48-3 at 4, ll. 60-61 (". . . to the spray nozzles 6 on the deck formed by the upper part 2."). Although "part 2" can be "removably fastened" to the "lower part 1," *id.* ll. 56-57, there is no indication that the "spray nozzles" are, even under IPT's proposed construction of the relevant claim language, *see, e.g.*, Docket No. 77 at 7, "*removably* mounted over [a] spout."[5] '567 Patent col. 10 ll. 50-51 (emphasis added). Moreover, it is not clear how "spray nozzles" are "set apart from [their] surroundings" in the way characters are described in the '567 Patent.[6] Rather, they appear to be a component part of the depicted "fire tug," namely, the smoke stacks.[7]

IPT does not explain why these differences do not undercut the anticipation analysis. In fact, IPT fails to acknowledge any differences. Yet, "unless a reference

---

[5]IPT relabels the numbered parts in Figure 1 of the UK '435 Patent. Contrary to IPT's characterization, the part labeled with a number 5 is not described as a spout, but rather as a "hose." *See* Docket No. 48-3 at 4, l. 60.

[6]The patent explains that, although "set apart," a character in the preferred embodiment will be "associated" with the toy's water features." '567 Patent col. 4 ll. 4-5. "For example, the head of an elephant, wherein water spouts out of its trunk, would be a character in a jungle themed activity center, and in a tea party themed activity center, a teapot, wherein water flows from its spout when the toy is operating, may also be a character." '567 Patent col. 4 ll. 5-9.

[7]With that said, plaintiff conceded that a water gun found on the Water Jet Toy was a "character" despite it appearing to be a component of the boat. The Court, however, need not resolve at this stage of the proceedings what is meant by "set apart."

discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008). On the state of this record, the Court finds that IPT has failed to show by "clear and convincing evidence" that the UK '435 Application anticipates Claim 1 of the '567 Patent as a matter of law. *See Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1265 (Fed. Cir. 2012) ("To show that a patent claim is invalid as anticipated, the accused infringer must show by clear and convincing evidence that a single prior art reference discloses each and every element of a claimed invention.") (citing *Silicon Graphics*, 607 F.3d at 796).

### C. Combination of Prior Art References

Finally, IPT argues that Claims 13 and 17 are rendered obvious by a combination of the Water Jet Toy, the UK '435 Application, and other prior art.[8] IPT

---

[8] Claim 13 of the patent reads as follows: "A water toy comprising: a battery-operated pump; a themed faceplate assembly separate from the pump, the faceplate assembly including (1) a faceplate, (2) one or more fluid passages terminating in an outlet, wherein the portion of the faceplate assembly immediately surrounding the outlet is configured to resemble a character, (3) one or more connectors adapted to removably secure the face plate assembly to a generally vertical surface; and tubing fluidly connecting the faceplate assembly and the pump." '567 Patent col. 11 ll. 24-35.

Claim 17 claims a "water toy comprising: an at least partially submersible battery-operated pump, the pump including one or more suction cups adapted to removably secure the pump to a surface; a faceplate assembly, the faceplate assembly including (1) a faceplate, (2) at least one spout out of which water streams when the toy is in operation; (3) at least one character removably mounted over the at least one spout, wherein water appears to stream from the character when the toy is in operation; and (4) one or more suction cups adapted to removably secure the faceplate assembly to a generally vertical surface; and tubing fluidly coupling the faceplate assembly and the pump." '567 Patent col. 12 ll. 8-23.

made this argument before discovery had been completed in this action.  Now that discovery has closed, IPT has filed a supplemental motion for summary judgment [Docket No. 167] in which it has reasserted this argument with additional evidence regarding prior art references.  *See* Docket No. 167 at 5, Statement of Undisputed Material Facts ¶ 15 ("The [']809 Patent, the [']170 Application, the [']505 Application, the UK [']435 Application and the Water Jet Boat Toy invalidate Claims 1, 13 and 17 as obvious together and in combination with other water toy art.") (citations omitted); *id*. at 11.  Because IPT has supplemented this basis for its summary judgment request on a complete evidentiary record, the Court will resolve the issue when it takes up the supplemental motion.  *Cf. Mettler-Toledo, Inc. v. B-Tek Scales, LLC*, --- F.3d ----, 2012 WL 386355, at *4 (Fed. Cir. Feb. 8, 2012) ("What is disclosed by a prior art reference is a question of fact.").[9]  The Court will therefore deny this aspect of IPT's motion for summary judgment as well.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the motion for summary judgment [Docket No. 48] filed by defendant International Playthings, LLC is DENIED.

---

[9]At that time, to the extent claim construction must be conducted, the Court will refer to the claim construction arguments found in the parties' briefing on the present motion.

DATED March 29, 2012.

                                                BY THE COURT:

                                                s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge