IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

   Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN, LTD., an Israel partnership, and
YOOKIDOO, LTD., an Israel partnership,

   Defendants.

---

## ORDER

---

This matter is before the Court on the motion to vacate entry of default as to defendant Golos Weisman Design Ltd. ("GWD") [Docket No. 170] filed by defendant International Playthings, LLC ("IPT"). The motion is fully briefed and ripe for disposition.

Plaintiff filed a motion requesting entry of default [Docket No. 166] as to defendants GWD and Yookidoo, Ltd. on February 23, 2012. The Clerk of the Court entered default as to GWD on February 27, 2012. *See* Docket No. 168; *cf.* Docket No. 169. Two days later, IPT filed the present motion requesting that the default be vacated because plaintiff failed to properly serve GWD. "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c); *cf. Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). The parties do not dispute that a failure to effectuate proper service, thus

preventing the exercise of personal jurisdiction over a party,[1] would constitute good cause to set aside an entry of default.

In its third amended complaint, plaintiff alleges that GWD is an Israeli partnership. *See* Docket No. 119 at 3, ¶ 7. Under the circumstances presented in this case, "a . . . foreign . . . partnership . . . must be served . . . in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f) provides that service "not within any judicial district of the United States" shall be effectuated "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The parties have both indicated that the United States and Israel are signatories of the Hague Convention. Consequently, plaintiff was required to attempt to serve GWD pursuant to the dictates of the Hague Convention. *See* Fed. R. Civ. P. 4, adv. cmt. notes to 1993 Amendments ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."); *see also Advanced Aerofoil Technologies, AG v. Todaro*, 2012 WL 299959, at *2 (S.D.N.Y. Jan. 31, 2012) ("[T]he Hague Convention's procedures for service are mandatory because Switzerland and Germany, the countries in which Plaintiffs sought

---

[1] *See Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted).

to serve the documents on the foreign defendants, are signatories to that Convention."). The Hague Convention provides that service may be made through a country's "central authority," *see* 20 U.S.T. 361, which the parties in this case agree would be the Israeli Directorate of Courts. *See Doe I v. State of Israel*, 400 F. Supp. 2d 86, 102 (D.D.C. 2005).

Plaintiff does not contend that it served GWD in this manner. Rather, it contends that the Hague Convention "does not apply" because GWD's address is unknown. Docket No. 192 at 1. While it is true that the Hague Convention "shall not apply where the address of the person to be served with the document is not known," 20 U.S.T. 361, 1969 WL 97765, at *1, plaintiff must, at least under the circumstance presented here,[2] use "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Plaintiff has never requested a court order pursuant to Rule 4(f)(3) authorizing service by some other means. Because plaintiff has never attempted to effectuate service pursuant to the Hague Convention[3] or sought leave of the Court to

---

[2]Rule 4(f) does allow service via certain other means that are "reasonably calculated to give notice" "if an international agreement allows but does not specify other means." Fed. R. Civ. P. 4(f)(2). IPT points out that, when it ratified the Hague Convention, Israel rejected service by such other means. *See* Docket No. 170 at 5; *see Doe I v. State of Israel*, 400 F. Supp. 2d 86, 103 (D.D.C. 2005). Plaintiff does not dispute that point. Rather, it contends that service need not be made under the Hague Convention at all. *See* Docket No. 192 at 2.

[3]*See Blumedia Inc. v. Sordid Ones BV*, No. 10-cv-01158-MSK-KLM, 2011 WL 42296, at *4 (D. Colo. Jan. 6, 2011) ("Even if Defendants are not in fact located at 'BV Dokweg 27 B Ijmuden, Noord Holland 1976CA[,] Netherlands' or the address proves to be false, authorities in the Netherlands may have information about Defendants that can be used to effect traditional service. Accordingly, the Court finds that it is reasonable to require Plaintiff to attempt to effect service pursuant to Fed. R. Civ. P. 4(f)(1) and the Convention central authority procedures before seeking authorization for alternate service.").

serve GWD in some other manner, it is

**ORDERED** that the motion to vacate entry of default as to defendant Golos Weisman Design Ltd. [Docket No. 170] is GRANTED.  The entry of default as to defendant Golos Weisman Design Ltd. is hereby VACATED.

DATED September 24, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge