IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN, LTD., an Israel partnership; and
YOOKIDOO, LTD., an Israel partnership,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion to Dismiss [Docket No. 122] filed by defendant International Playthings, LLC ("IPT"). The motion is fully briefed and ripe for resolution.

**I. BACKGROUND**

On September 16, 2010, plaintiff Two Moms and a Toy, LLC ("Two Moms") brought this action against IPT because of alleged infringement of United States Patent No. 6,782,567 (the "'567 Patent"). The '567 patent was issued on August 31, 2004 for an invention called the "Fountain Water Toy Utilizing A Battery-Powered Pump" and is owned by inventors Linda Austin and Anne Argent. Docket No. 119 at 6, ¶ 12-13. Ms. Austin and Ms. Argent have assigned their interests in the '567 patent to plaintiff Two Moms.

In its third amended complaint, Two Moms alleges that defendant IPT sold and continues to sell two toys that allegedly infringe the '567 patent under the Yookidoo, Ltd. ("Yookidoo") brand name.  The two Yookidoo toys are called the "Flow 'N' Fill Spout" and the "Stack 'N Stream Tub Fountain."  Docket No. 119 at 7, ¶ 17.  Two Moms asserts that, in 2009, it alerted Michael Varda, president of IPT, about the alleged infringement.  *Id*. at 8, ¶ 18.  Two Moms avers that, despite Mr. Varda's knowledge of the potentially infringing products, IPT continues to sell the Yookidoo toys.

Two Moms also alleges that, although IPT never applied for a patent for the Yookidoo toys and the toys are currently not patented, IPT has falsely marked the Yookidoo toys with "patent pending" labels.  *Id*. at 9, ¶ 21.  According to Two Moms, the "patent pending" labels on the Yookidoo toys deter potential licensees and consumers from purchasing the rights to the '567 patent and from buying Two Moms products because they are concerned about possible exposure to liability for infringing a patent. In addition, Two Moms contends that IPT knowingly applied the "patent pending" labels because IPT is represented by "competent patent counsel," and  "evidence exists" that IPT continues to sell the Yookidoo toys although it was informed on April 19, 2011 that the Yookidoo toys were unpatented and a patent application was never filed.  Docket No. 119 at 12-13, ¶¶ 26-27.

Based on the aforementioned facts, Two Moms asserts claims for relief against IPT for (1) patent infringement in violation of 35 U.S.C. § 271(a), (2) inducing infringement in violation of 35 U.S.C. § 271(b), (3) false marking in violation of 35 U.S.C. § 292, (4) false advertising in violation of 15 U.S.C. § 1125, and (5) deceptive trade practices in violation of the Colorado Consumer Protection Act ("CCPA"), Colo.

Rev. Stat. § 6-1-105 *et seq*. Docket No. 119 at 14-19. On October 31, 2011, IPT filed this motion to dismiss Two Moms' claims for false marking, false advertising, and deceptive trade practices in violation of the CCPA. Docket No. 122 at 1.

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. ANALYSIS

### A. False Marking

Two Moms' third claim for relief asserts that IPT falsely marked the Yookidoo toys in violation of 35 U.S.C. § 292.[1] To assert a claim under § 292, Two Moms must show that IPT (1) marked an unpatented article, and (2) intended to deceive the public. *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). Moreover, since the passage of the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011), a plaintiff asserting a false marking claim must also establish "competitive injury." *Rogers v. Tristar Prods.*, 2012 WL 1660604 (Fed. Cir. May 2, 2012). In this case, it is undisputed that the Yookidoo toys were unpatented and no patent application was ever filed. Therefore, the Court will focus on whether Two Moms has alleged sufficient facts to show that IPT knowingly intended to deceive the public and whether Two Moms has sufficiently pled a competitive injury.

---

[1] 35 U.S.C. § 292 allows for a person who "has suffered a competitive injury as a result of a violation of this section [to] file a civil action" against a person who "marks upon, or affixes to, or uses in advertising in connection with any article, the words 'patent applied for,' 'patent pending,' or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public."

4

### *1. Intent to Deceive*

For a false marking claim pursuant to § 292, Two Moms must satisfy the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure. *In re BP Lubricants USA., Inc.*, 637 F.3d 1307, 1310 (Fed. Cir. 2011). Rule 9(b) requires a plaintiff to plead in detail 'the specific who, what, when, where, and how' of the alleged fraud. *Id*. at 1309. In order to satisfy Rule 9(b)'s pleading requirements, a plaintiff must "provide some objective indication to reasonably infer that the defendant was aware" of his or her unlawful conduct. *Id*. at 1311. The facts leading to the fraud must "set forth *more* than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (emphasis in original) (citation omitted).

To show an intent to deceive, a plaintiff must show both knowledge that a statement is false and a purpose of deceit. *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010). In this case, plaintiff's allegations are insufficient to establish a plausible inference that IPT knew the packages of Yookidoo toys were falsely marked with "patent pending" labels. First, plaintiff's allegation that IPT is represented by competent counsel is the type of allegation that has been found insufficient to raise a claim. *See In re BP Lubricants*, 637 F.3d at 1312 (finding an allegation that a defendant was a "sophisticated company [which had] experience applying for, obtaining, and litigating patents" is insufficient to satisfy Rule 9(b)). In addition, plaintiff's claim that "evidence exists that defendants GWD, Yookidoo, and IPT continued to sell falsely marked product after being notified of the false marking on April

19, 2011," Docket No. 119 at 13, ¶ 27, is a conclusory allegation. Plaintiff's complaint does not identify what this "evidence" is that establishes that IPT continued to sell the Yookidoo products with a "patent pending" label.[2] Without identifying the specific facts to show that IPT knowingly applied a patent pending label on Yookidoo toys after IPT was advised there was no such patent application, plaintiff's claim fails to meet the Rule 9(b) pleading standard.[3] *See In re BP Lubricants*, 637 F.3d at 1311 (complaint must

---

[2]The Court will not consider the deposition and affidavit attached to plaintiff's response to the motion to dismiss because these documents were not incorporated in the complaint. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Plaintiff has amended its complaint three times and attached numerous documents to its third amended complaint. Plaintiff has not shown or explained why these specific allegations were not incorporated therein. Accordingly, the Court will rely solely on the allegations set forth in the third amended complaint to decide the motion to dismiss. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (providing that when resolving a motion to dismiss pursuant to Rule 12(b)(6) a court may consider, in addition to the allegations of the complaint, "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.' ") (citations omitted).

[3]Plaintiff's citation to *U.S.A., ex rel. Vandever, LLC v. Intermatic Mfg., LTD.*, (attached to plaintiff's response brief as Exhibit G, Docket No. 137-7), is unconvincing. The court in *Vandever* found that the plaintiff alleged a plausible connection between a defendant's knowledge and intent because the defendant's goods had a "patented" label on their packages since 2008, yet defendant did not obtain a patent until 2010. Docket No. 137-7 at 11. However, these allegations do not include any allegation that the defendant knew its statement was false and therefore does not account for the possibility that defendant acted only negligently. *In re BP Lubricants* requires that plaintiff must show an "objective indication" that defendant was aware of the false marking and intended to deceive. 637 F.3d 1311. Moreover, the facts of *Intermatic* are different from this case. Intermatic manufactured the product that was falsely marked as "patented" despite not having obtained a patent until 2010. Here, defendant did not manufacture the product and the label stated "patent pending," circumstances that do

"provide some objective indication to reasonably infer that the defendant was aware" of his or her unlawful conduct). Accordingly, Two Moms has not satisfied the standard required to show that IPT knowingly acted with "a purpose of deceit." *Id*. at 1313.

### 2. *Competitive Injury*

IPT also claims that Two Moms does not adequately plead that it suffered competitive injury as the result of IPT's false marking. Docket No 122 at 7-8. IPT asserts that, because Two Moms is not a competitor in the sale of toys, Two Moms cannot satisfy the competitive injury prong of the analysis. *Id*. Two Moms does not dispute that it is not a competitor; rather, it asserts that non-competitors may sue under the false marking statute. Docket No. 137 at 5.

Several district courts interpreting the newly enacted America Invents Act have required a plaintiff to be a competitor of the defendant in order to show competitive injury.[4] *See, e.g., RB Rubber Prods., Inc. v. ECORE Int'l, Inc.*, 2012 WL 4068557, at *8 (D. Or. Sept 14, 2012) (finding that the false marking statute required competitive injury in the relevant market); *Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, 2011 WL 6719725, at *3-5 (M.D. Fla. Dec. 21, 2011) (patent owner who did not directly compete with the defendant manufacturer because "even if [the patent owner plaintiff] could prove lost licensing money because of false marking by [the defendant], the harm is still

---

not properly infer knowledge and intent to deceive.

[4]The Tenth Circuit has construed the term "competitive injury" under the Lanham Act to require that a plaintiff be a competitor of a defendant in order to establish competitive injury. *See, e.g., Stanfield v. Osborne Inds., Inc.*, 52 F.3d 867, 873 (10th Cir. 1995) (finding that because a false advertising claim implicates unfair competition, "to have standing for a false advertising claim, the plaintiff must be a competitor of the defendant and allege a competitive injury.").

7

too derivative or indirect to support" a claim).[5]  This interpretation also finds some support in the legislative history surrounding the passage of the America Invents Act. *See* 157 Cong. Rec. S5319-03, at 5320 (daily ed. Sept. 6, 2011) (statement of Sen. Kyl) ("The America Invents Act reins in abuses that are reflected in a recent surge in false marking litigation.  It allows such suits to be brought only by those parties who have *actually suffered competitive injury* as a result of false marking.") (emphasis added).

Two Moms has provided no authority in support of its position that a non-competitor can assert a claim under the newly amended false marking statute. Moreover, Two Moms' complaint does not identify a potential licensee who was deterred or that any potential licensee expressed concern about IPT's false marking. Thus, Two Moms has not alleged *actual* competitive injury; it has only asserted that it *could* lose or that it *could* have already lost potential licensees.  *See We-Flex, LLC v. NBSP, Inc.*, 2012 WL 1440439, at *6-7 (S.D. Tex. April 25, 2012) (a competitive injury "complaint needs to provide actual instances of cognizable injury, not just a list of potential harms, as well as facts suggesting that the harm claimed was the result of false marking.").  Consequently, the Court finds that, because Two Moms and IPT are not competitors and Two Moms does not allege more than a potential injury, Two Moms has not pled sufficient facts to plausibly assert that IPT's false marking resulted in

---

[5]To the extent plaintiff relies on *Fasteners for Retail, Inc. v. Ander*sen, 2011 WL 5130445 (N.D. Ill. Oct. 28, 2011), the Court notes that the parties in that case were direct competitors in manufacturing.  *See also We-Flex, LLC v. NBSP, Inc.*, 2012 WL 1440439, at *7 n.46 (S.D. Tex. April 25, 2012) (finding that *Fasteners* erred because it did not require plaintiff to show actual injuries and allowed the allegation to proceed based on "potential injuries.").

competitive injury. *Fisher-Price, Inc. v. Kids II, Inc.*, 2011 WL 6409665, at *10 (W.D.N.Y. Dec. 21, 2011) (dismissing a claim by an actual competitor for failing to allege sufficient facts "making it plausible to find [the false marker's] alleged mismarking has resulted in [the § 292 claimant] suffering a competitive injury"). Accordingly, Two Moms' claim for false marking is dismissed for failure to state a claim.

### B. False Advertising

As noted above, in order "to have standing for a false advertising claim, the plaintiff must be a competitor of the defendant and allege a competitive injury." *Stanfield*, 52 F.3d at 873. Because Two Moms concedes that it does not engage in the sale of toys, Docket No. 137 at 5, it is not one of IPT's competitors. *See Stanfield*, 52 F.3d at 873 (finding that an inventor of an agricultural product who granted a license to a manufacturer to use his name as a trademark did not have standing to bring Lanham Act false advertising claim against manufacturer because the inventor was not in competition with the manufacturer); *US West, Inc. v. Business Discount Plan, Inc.*, 196 F.R.D. 576, 590 (D. Colo. 2000) (finding that a telephone company lacked standing to a bring false advertising claim under the Lanham Act against a telemarketer and a verification services company as they were not competitors of the telephone company). As the Tenth Circuit noted, "hopes of eventually obtaining . . . a [competitive] product are too remote at this stage to confer standing" to bring a claim for false advertising. *Hutchinson v. Pfeil*, 211 F.3d 515, 520 (10th Cir. 2000); *see also TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 826 (9th Cir. 2011) ("We have generally presumed commercial injury when defendant and plaintiff are direct competitors and defendant's

misrepresentation has a tendency to mislead consumers"); *Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1331-32 (11th Cir. 2008) (noting that the purpose of the Lanham Act is to protect those engaged in commerce). Accordingly, because Two Moms does not compete with IPT, Two Moms' claim for false advertising will be dismissed.

### C. Colorado Consumer Protection Act

IPT argues that plaintiff's claim under the CCPA should be dismissed because plaintiff does not allege with the required specificity that IPT engaged in deceptive trade practices in violation of Colo. Rev. Stat. § 6-1-105. Docket No. 122 at 14.

A valid claim under the CCPA consists of the following elements: "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). All elements of a CCPA claim must be met; otherwise, the claim falls as a matter of law. *HealthONE of Denver, Inc. v. UnitedHealth Group, Inc.*, 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011).

To assert a claim under the CCPA, Two Moms must meet the heightened Rule 9(b) pleading standard. *HealthONE,* 805 F. Supp. 2d at 1120-21. In its complaint, Two Moms asserts the following with respect to IPT's conduct in violation of the CCPA:

> b. [IPT] *Knowingly* [made] false representations as to the characteristics and/or benefits of the Yookidoo Bath Tub Fountain toys by, among other things, falsely representing that a patent application(s) has been filed for such toys (C.R.S. § 6-1-105(1)(d));
>
> c. [IPT] Represent[ed] that their products, the Yookidoo Bath Tub Fountain toys are of a particular standard, quality, or grade (i.e., "patent pending") *knowing* that a patent application(s) has not been filed for such toys (C.R.S. §6-1-105(g)); and
>
> d. [IPT] Fail[ed] to disclose material information concerning the Yookidoo Bath Tub Fountain toys including but not necessarily limited to the fact that a patent application(s) has not been filed for such toys-which information was known at the time Defendants GWD, Yookidoo and IPT falsely marked and advertised the Yookidoo Bath Tub Fountain toys as "patent pending", and Defendant Yookidoo's and IPT's failure to disclose such information was *intended to induce* consumers to purchase the Yookidoo Bath Tub Fountain toys (C.R.S. § 6-1-105(1)(u)).

Docket No. 119 at 18-19, ¶ 53 (emphasis added). As the Court discussed above, these facts are insufficient to show that IPT sanctioned the use of the "patent pending" label on the Yookidoo toys with the knowledge that the label was false. *See Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006) ("A CCPA claim will only lie if the plaintiff can show the defendant knowingly engaged in a deceptive trade practice.") (citation omitted); *HealthONE*, 805 F. Supp. 2d at 1121 ("Rule 9(b) requires a complaint to 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof,'" citing *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)). Given that plaintiff's complaint fails to meet the particularity required to assert a valid CCPA claim, plaintiff's claim pursuant to the CCPA will be dismissed.[6]

---

[6] Because plaintiff's CCPA claim is dismissed for failure to allege sufficient facts, the Court need not decide whether plaintiff's CCPA claim is preempted by the Lanham Act.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss the Third, Fourth, and Fifth Claims for Relief of the Third Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 122] is **GRANTED**. It is further

**ORDERED** that plaintiff's Third, Fourth, and Fifth claims for relief are dismissed.


DATED September 30, 2012.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge