IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

      Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN, LTD., an Israel partnership; and
YOOKIDOO, LTD., an Israel partnership,

      Defendants.

---

**ORDER**

---

      This matter is before the Court on the Motion to Vacate Entry of Default [Docket No. 231] filed by defendant International Playthings, LLC ("IPT") and the Motion for Reconsideration [Docket No. 259] filed by plaintiff Two Moms and a Toy, LLC ("Two Moms").

      Although Two Moms did not raise the issue of IPT's standing in its response to IPT's motion to vacate entry of default as to Yookidoo, Ltd. ("Yookidoo"), *see* Docket No. 232, the Court raises the issue on its own and determines that IPT does not have standing to move to vacate default on behalf of Yookidoo.  At the October 5, 2012 hearing, the Court asked IPT why it had standing to move to vacate entry of default against a third party to which it claims to have no formal corporate relationship and IPT could not identify any basis for standing.  Nevertheless, the Court will take up the question of whether Yookidoo was properly served on its own motion, a question which

plaintiff has been given the opportunity to fully address in its response to IPT's motion to vacate entry of default.

On August 21, 2012, plaintiff filed a motion requesting entry of default [Docket No. 229] against defendant Yookidoo, an Israeli partnership.  Docket No. 119 at 2, ¶ 6.  The Clerk of the Court entered default as to Yookidoo on August 22, 2012 [Docket No. 230].  On August 23, 2012, IPT filed the present motion requesting that the Court vacate default as to Yookidoo because plaintiff failed to properly serve Yookidoo.  Docket No. 231 at 1.  Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c); *cf. Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

A " foreign . . . partnership . . . must be served . . . in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).  Rule 4(f) provides that service "not within any judicial district of the United States" shall be effectuated "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  The parties have both indicated that the United States and Israel are signatories of the Hague Convention.  Consequently, plaintiff was required to attempt to serve Yookidoo pursuant to the dictates of the Hague Convention.  *See* Fed. R. Civ. P. 4, adv. cmt. notes to 1993 Amendments ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."); *see also Advanced Aerofoil Technologies, AG v. Todaro*, 2012 WL 299959, at *2

(S.D.N.Y. Jan. 31, 2012) ("[T]he Hague Convention's procedures for service are mandatory because Switzerland and Germany, the countries in which Plaintiffs sought to serve the documents on the foreign defendants, are signatories to that Convention."). The Hague Convention provides that service may be made through a country's "central authority," *see* 20 U.S.T. 361, which the parties in this case agree would be the Israeli Directorate of Courts.  *See Doe I v. State of Israel*, 400 F. Supp. 2d 86, 102 (D.D.C. 2005).

Plaintiff does not contend that it served Yookidoo in this manner.  Rather, it contends that the Court granted it leave to serve Yookidoo "by serving IPT as [Yookidoo's] . . . managing or general agent."  Docket No. 232 at 3, ¶ 5.  Plaintiff states that it discussed this method of service in a motion for an extension of time [Docket No. 171], which the magistrate judge granted by minute order [Docket No. 173].  Plaintiff argues that the magistrate judge granted his motion for an extension of time based in part on plaintiff's discussion of *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, 578 F. Supp. 2d 1224 (C.D. Cal. 2008).  Docket No. 232 at 4, ¶ 6.  The Court disagrees.

The relief granted by the magistrate judge was the relief sought by the plaintiff – an extension of time.  Plaintiff's motion did not request a court order pursuant to Rule 4(f)(3) authorizing service by "other means not prohibited by international agreement," and the magistrate judge did not grant such relief.  *See* Docket No. 171 at 5-6. Accordingly, plaintiff never attempted to effectuate service pursuant to the Hague Convention or sought leave of the Court to serve Yookidoo in some other manner.

In its motion for reconsideration, plaintiff requests that the Court reconsider its previous order [Docket No. 251] denying its second motion for entry of default against

3

defendant Golos Weisman Design, Ltd. ("GWD") [Docket No. 249].  In support of this motion, plaintiff also argues that the magistrate judge's order granting an extension of time was "tacit approval from the Court to serve [GWD] in the manner indicated in the return of service."  Docket No. 259 at 1, ¶ 2.  As noted above, the magistrate judge's minute order did not grant relief pursuant to Rule 4(f)(3).

Accordingly, it is

**ORDERED** that International Playthings, LLC's Motion to Vacate Entry of Default Against Yookidoo Ltd. [Docket No. 231] is **DENIED** for lack of standing.  It is further

**ORDERED** that, for the reasons stated herein, the entry of default [Docket No. 230] as to defendant Yookidoo Ltd. is VACATED.  It is further

**ORDERED** that the Motion for Reconsideration of the Order Denying Plaintiff's Second Motion for Entry of Default Against Defendant Golos Weisman Design, Ltd. [Docket No. 259] is **DENIED**.

DATED October 9, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge