IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

    Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN, LTD., an Israel partnership; and
YOOKIDOO, LTD., an Israel partnership,

    Defendants.

---

# ORDER

---

This matter is before the Court on the Motion to Strike [Docket No. 199] filed by defendant International Playthings, LLC ("IPT"). The motion is fully briefed and ripe for disposition.

On February 24, 2012, IPT filed a supplemental motion for summary judgment [Docket No. 167] seeking an order from the Court that United States Patent No. 6,782,567 (the "'567 patent") is invalid because several of its claims are anticipated and obvious in light of the prior art. *See generally* Docket No. 167. On March 22, 2012, plaintiff Two Moms and a Toy, LLC ("Two Moms") filed a brief in opposition [Docket No. 191] to IPT's summary judgment motion. In support of its brief in opposition, Two Moms provided a declaration from Linda Austin, co-inventor of the '567 patent.[1] *See*

---

[1] The '567 patent was applied for by and issued to inventors Linda Austin and Anne Argent, who assigned the patent to Two Moms. Docket No. 119 at 5-6, ¶ 10.

Docket No. 191-1.  Two Moms submitted Ms. Austin's declaration pursuant to Fed. R. Evid. 701 as lay witness opinion because she is not disclosed as an expert in this case. Docket No. 191-1 at 1, ¶ 1.

In its motion, IPT requests that the Court strike Ms. Austin's declaration, arguing that it is inadmissible under Rule 701 because it contains opinions based on specialized or technical knowledge.  Docket No. 199 at 4-5.  IPT claims that Ms. Austin's declaration impermissibly compares elements found in the prior art to the claims and specifications contained in the '567 patent.  *Id*. at 4.  IPT therefore objects to any aspect of Ms. Austin's declaration that compares the prior art to the '567 patent as well as any opinions presented in the declaration rebutting IPT's expert report.[2]  *Id*. at 4. IPT contends that the Court should strike Ms. Austin's declaration because she was not

---

[2]IPT identifies some examples of Ms. Austin's improper opinions as:

¶2; the "fountain apparatus described in the [United States Patent No. 5,918,809 (the "'809 patent")] is not a toy";

¶ 3: the '809 patent fails to disclose a "character which is removably mounted over a spout" because the prior art '809 patent only teaches that the stemmed flower characters are "'fitted' to the exit apertures of dual entry nozzles mounted on the base 20G";

¶ 4 & 5: The '809 patent fails to disclose a "removable mounting that would prevent water from lifting the sleeves off the nozzle and yet still enable the sleeves to be easily removed" and that there is "no discussion in the '809 patent as to whether the fitting of the sleeves to the exit apertures of the nozzles is removable"; and

¶ 6: "while the stem-like sleeves of Fig. 17 of the '809 fountain apparatus are characters as described in the '567 patent they are not part of the 'themed amusement assembly' as claimed in claim 1 of the '567 patent."

Docket No. 219 at 8.

2

disclosed as an expert pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. In addition, IPT requests that the Court strike Two Moms' response to IPT's motion for summary judgment because it relies primarily on Ms. Austin's declaration . *Id*. at 6.

A summary judgment affidavit may not contain expert testimony unless the affiant has first been designated as an expert witness under Fed. R. Civ. P. 26(a)(2). *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1123 (10th Cir. 2005). Any non-expert testimony in the form of opinions or inferences must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge." Fed R. Evid. 701. The Tenth Circuit has held that testimony provided by a witness is expert testimony if the testimony is "based on technical or specialized knowledge," regardless of whether the witness is designated as an expert or fact witness. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011).

Generally, under Rule 701, an inventor may present testimony explaining his or her invention and what he or she intended to convey by the specifications and the claims contained therein. *The Braun Corp. v. Maxon Lift Corp.*, 282 F. Supp. 2d 931, 934 (N.D. Ind. 2003); *Myers v. Master Lock Co.*, No. 06-cv-00619-LTB, 2008 WL 2168977, at *9 (D. Colo. May 22, 2008). This testimony is proper because an inventor relies on his personal knowledge when providing a description of his claimed invention. *Braun Corp.*, 282 F. Supp. 2d at 934 (allowing inventor of wheelchair lift to testify under

Rule 701 because he was involved in the wheelchair field for over sixteen years and had personal knowledge of his patented invention); *Myers*, 2008 WL 2168977, at *9 (allowing Philip Wyers' declaration because it is based on his personal knowledge of his own locks and the business of Wyers Products Group, Inc.). However, under Rule 701, an inventor cannot present testimony comparing or analyzing the prior art to his or her invention. *See Gart v. Logitech, Inc.*, 254 F. Supp. 2d 1119, 1123 (C.D. Cal. 2003) (finding that inventors can give testimony about the nature of the prior art, but cannot compare the prior art to the patent at issue because such testimony requires specialized knowledge). An inventor cannot provide a comparative analysis because the inventor does not have personal knowledge of what the claims and specifications contained in the prior art intended to convey, and thus any comparison necessarily relies on a certain degree of technical or specialized knowledge. *Id*. In *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356 (Fed. Cir. 2008), the Federal Circuit held that only a person of ordinary skill in the art who is qualified as a technical expert under Rule 702 may offer expert testimony on technical matters. *Id*. at 1363. The Federal Circuit noted that, "where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art." *Id*.

In its response, Two Moms attempts to draw a distinction between an expert witness and an inventor of ordinary skill in the field. Docket No. 216 at 3; *see also* Docket No. 191-1 at 1, ¶ 1 (Ms. Austin's opinions are "offered pursuant to Fed. R. Evid. 701 as an inventor of the '567 patent and as a person of ordinary skill in the art, not as

4

an expert"). Two Moms claims that Ms. Austin "doesn't have any professional experience in toys or toy design," the "'567 patent is her first and only toy invention," she has not "previously worked in the toy industry in any capacity," and therefore her declaration does not present expert evidence. Docket No. 216 at 3, ¶ 3. Furthermore, Two Moms argues that Ms. Austin's declaration only identifies the differences between her invention and what is disclosed in the prior art and that her declaration does not opine on obviousness. *Id*. at 4. Two Moms' argument misses the mark.

Here, it is undisputed that, as an inventor, Ms. Austin qualifies as a person of ordinary skill in the relevant art. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc) (referring to the "well-settled understanding that inventors are typically persons skilled in the field of the invention"); *CSS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1368 (Fed. Cir. 2002) (explaining that the inventor is "presumably also an artisan of ordinary skill in the art" for purposes of comparing expert testimony). However, as noted above, qualifying as a person of ordinary skill in the art does not necessarily allow an inventor to provide testimony about all the issues related to the case. *See Sundance*, 550 F.3d at 1363 (only a person of ordinary skill in the art who is qualified as a technical expert under Rule 702 may offer expert testimony on technical matters). On the contrary, qualifying as a person of ordinary skill in the art is only a condition precedent to providing expert testimony with respect to technical matters in the case. *See id.* (noting that "being a person of ordinary skill in the art [does not] automatically entitle[ ] a witness to testify as an expert . . .[however, there is no suggestion] that Rule 702 requires a witness to possess something more than ordinary skill in the art to testify as an expert"). Thus, although Ms. Austin could ultimately

qualify as an expert witness, Two Moms' failure to disclose Ms. Austin as an expert pursuant to Rule 26(a)(2) limits the scope of the testimony she may provide.[3]

To the extent Two Moms argues that Ms. Austin's comparative analysis does not rely on "technical or specialized knowledge" because the level of skill necessary to understand the prior art is relatively low, the Court disagrees. Docket No. 216 at 4-5. For the purposes of this motion, the Court finds that a person of ordinary skill in the art is one who has experience in designing toys and who has at least a rudimentary knowledge of mechanical and battery-powered components used for the design of toys. *See* Docket No. 48 at 15. Although this level of skill is not particularly high, the Court nonetheless finds that this level of skill requires knowledge that is not common to the average lay person. *Byrne v. Wood*, 450 F. App'x 956, 964 (Fed. Cir. 2011) (noting that court must identify the level of ordinary skill in the art when ruling on a motion to strike an affidavit). Therefore, because a comparative analysis of claim terms found in the prior art to those contained in the '567 patent includes technical knowledge of mechanical and battery-powered components used for the design of toys – i.e., subject matter not obvious to a layperson – this opinion must be provided by a disclosed expert.

Upon review of Ms. Austin's declaration, the Court finds that her declaration is

---

[3]Two Moms argues that Ms. Austin's declaration is similar to that found admissible in *Myers v. Master Lock Co.*, No. 06-cv-00619-LTB, 2008 WL 2168977 (D. Colo. May 22, 2008). The Court disagrees. In *Myers*, the court actually recognized that Philip Wyers' proposed declaration "improperly opine[d] on whether one skilled in the art of lock making would have found his improvements to be obvious"; however, the court allowed Mr. Wyers' declaration because his "declaration primarily address[ed] his personal experience and knowledge as a manufacturer of trailer barbell locks." 2008 WL 2168977, at *9. As noted above, Ms. Austin does not claim any extensive experience in the toymaking field. Docket No. 216 at 3.

inadmissible under Rule 701 because it contains opinions not rationally based on Ms. Austin's perception, but rather are based on her "technical, or other specialized knowledge" acquired as a person of ordinary skill in the field. Fed. R. Evid. 701(c); *James River*, 658 F.3d at 1214.

Pursuant to Rule 26, a party must disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702. *See* Fed. R. Civ. P. 26(a). When a party fails to comply with Rule 26(a)'s disclosure requirements, that party is not "allowed to introduce the expert witness's testimony." *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (quoting Fed. R. Civ. P. 37(c)(1)); *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 894-95 (10th Cir. 2006). This exclusionary sanction is mandatory unless the failure to disclose was substantially justified or harmless or unless the Court finds some other sanction to be more appropriate.[4] Fed. R. Civ. P. 37(c)(1); *Asher v. Colgate-Palmolive Co.*, 278 F.R.D. 608, 613 (D. Colo. 2011). Because Two Moms did not disclose Ms. Austin as an expert witness, the Court will strike her declaration from the summary judgment record

---

[4]The Tenth Circuit has enumerated four factors the Court should use to guide its discretion in determining whether a Fed. R. Civ. P. 26(a) violation is substantially justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of a party to cure prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1). *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004). Two Moms has not argued that its failure to comply with Rule 26 was justified or harmless. *See* Docket No. 216 at 7-8. Therefore, the Court finds that Two Moms' delayed disclosure in this case is not substantially justified or harmless.

pursuant to Fed. R. Civ. P. 37(c)(1).  The Court, however, will not strike Two Moms' brief in opposition to the motion for summary judgment [Docket No. 191].

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Strike Declaration of Linda Austin and Plaintiff's response to Defendant's Supplemental Motion for Summary Judgment on its Counterclaim for Invalidity is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that the Declaration of Co-Inventor Linda Austin [Docket No. 191-1] will be stricken as indicated in this Order.

DATED October 19, 2012.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge