IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

     Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN, LTD., an Israel partnership, and
YOOKIDOO, LTD., an Israel partnership,

     Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion to Exclude Testimony of Ronald

Milner [Docket No. 226] filed by plaintiff Two Moms and a Toy, LLC ("Two Moms").  The

motion is fully briefed and ripe for disposition.

## I.  FEDERAL RULE OF EVIDENCE 702

Rule 702 of the Federal Rules of Evidence provides that:

A witness who is qualified as an expert by knowledge, skill, experience,
training, or education may testify in the form of an opinion or otherwise if: (a)
the expert's scientific, technical, or other specialized knowledge will help the
trier of fact to understand the evidence or to determine a fact in issue; (b) the
testimony is based on sufficient facts or data; (c) the testimony is the product
of reliable principles and methods; and (d) the expert has reliably applied the
principles and methods to the facts of the case.

Fed. R. Evid. 702.  As the rule makes clear, while required, it is not sufficient that an

expert be qualified based upon knowledge, skill, experience, training, or education to

give opinions in a particular subject area.  Rather, the Court must "perform[] a two-step

analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). After determining whether the expert is qualified, the specific proffered opinions must be assessed for reliability. *See id.*; Fed. R. Evid. 702 (requiring that the testimony be "based on sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods to the facts of the case").

Rule 702 imposes on the district court a "gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). To perform that function, the Court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (citing *Daubert*, 509 U.S. at 592-93). When examining an expert's method, however, the inquiry should not be aimed at the "exhaustive search for cosmic understanding but for the particularized resolution of legal disputes." *Daubert*, 509 U.S. at 597. It is the specific relationship between an expert's method, the proffered conclusions, and the particular factual circumstances of the dispute that renders testimony both reliable and relevant.

In addition to the witness having appropriate qualifications and methods, the proponent of the witness' opinions must demonstrate that the process by which the witness derived his or her opinions is reliable. *United States v. Crabbe*, 556 F. Supp.

2d 1217, 1220 (D. Colo. 2008).   When assessing reliability, "the court may consider several nondispositive factors: (1) whether the proffered theory can and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community." *103 Investors I*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593-94).   These considerations are not exhaustive.   Rather, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).   Ultimately, the test requires that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.*, 526 U.S. at 152.

While a plaintiff, as the proponent of the challenged testimony, has the burden of establishing admissibility, the proffer is tested against the standard of reliability, not correctness, *see Allstate Sweeping, LLC v. City & Cnty. of Denver*, No. 10-cv-00290-WJM-MJW, 2011 WL 2173997, at *3 (D. Colo. June 2, 2011); a plaintiff need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied." *Crabbe*, 556 F. Supp. 2d at 1221.

## II.  ANALYSIS[1]

As a threshold matter, the Court notes that Two Moms' motion does not comply with this Court's Practice Standards because it does not identify each opinion challenged and the specific grounds for such challenges.  *See* Practice Standards (Civil cases), Judge Philip A. Brimmer § III.G. ("The motion shall identify with specificity each **opinion** the moving party seeks to exclude.") (emphasis in original).  Given that Rule 702 focuses on opinions, Two Moms' failure to follow the Practice Standards restricts the Court's ability to determine the scope of its challenge and limits the Court's ability to grant appropriate relief.  Nevertheless, the Court will address the broad challenges raised in Two Moms' motion because defendant International Playthings, LLC ("IPT") bears the burden of establishing that the proffered testimony is admissible.  *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001).

In its motion, Two Moms argues that the Court should exclude the proffered testimony of Ronald Milner, IPT's expert witness on issues of infringement, anticipation, obviousness, and the scope of the prior art.  Docket No. 167-4 at 4, ¶¶ 1-3; Docket No. 212 at 13.  Two Moms claims that the Court should exclude this testimony because: (1) it relates to issues within the province of the jury; (2) it is unreliable; and (3) any probative value the testimony may have is outweighed by its potential to confuse and mislead the jury.  Docket No. 226 at 2-5.  The Court addresses these arguments in turn.

---

[1]Admissibility of expert testimony in a patent suit is governed by the law of the regional circuit in which the district court resides.  *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003).

## A.  Mr. Milner's Qualifications

Pursuant to Rule 702, a witness may provide expert testimony only if that witness is qualified "as an expert by knowledge, skill, experience, training, or education."  Fed. R. Evid. 702; *see also United States v. Dysart*, 705 F.2d 1247, 1252 (10th Cir. 1983). In addition, the Federal Circuit has held that a witness may testify as a technical expert on issues of patent infringement and invalidity only if that witness is "qualified as an expert in the pertinent art."  *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008).  In *Sundance*, the Federal Circuit noted that, "where an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art."  *Id*.

As discussed in the order on defendant's supplemental motion for summary judgment, a person of ordinary skill in the art is one who has "experience in designing toys, having at least a rudimentary knowledge of mechanical and battery-powered components used for the design of toys."[2]  Although this definition does not require a particularly high degree of skill, the level of skill required to understand the scope of the patents in this case is greater than that of an ordinary layperson of average intelligence.

Mr. Milner, IPT's expert, is the president of Applied Design Laboratories, Inc. ("Applied Design"), a company that specializes in creating and designing video games

---

[2]Two Moms does not provide a definition for a person of ordinary skill in the art. Instead, it argues that the subject matter is "easily understandable" and therefore no expert testimony is required.  Docket No. 226 at 3.  In other words, Two Moms argues that the level of ordinary skill in the art is that of an ordinary layperson of average intelligence.

and other toys for children. Docket No. 167-4 at 6-7, ¶ 16. Since 1984, through his work with Applied Design, Mr. Milner has been involved in the creation of various children's toys, including the Klixx toy-a chain, *id*. at ¶ 18, the A.G. Bear, Hot Keyz musical toys, and the Soniture "Space Pen." *Id*. at ¶ 16. Mr. Milner owns sixteen patents, some of which he personally prosecuted in front of the Patent and Trademark Office ("PTO"). *Id*. at 7, ¶ 22. Mr. Milner has over twenty years of "experience designing toys" and, although he focuses primarily on electronic video games, he has a "rudimentary knowledge of mechanical" components used in the design of toys. Based on this evidence, the Court finds that Mr. Milner qualifies as a person of ordinary skill in the art.

As the Federal Circuit noted in *Sundance*, a witness possessing ordinary skill in the art will usually be qualified to present expert testimony because nothing in Rule 702 requires that a witness possess something more than ordinary skill to testify. 550 F.3d at 1363. Given the technology in this case, the Court finds that Rule 702 does not impose an additional obstacle for the presentation of expert testimony and a person who qualifies as one of ordinary skill in the art also possesses the requisite knowledge and experience to opine with respect to invalidity and the scope of the prior art.[3] Thus, because IPT endorsed Mr. Milner as its expert with respect to invalidity, the scope of the prior art, and infringement, Docket No. 212 at 13, he is qualified to opine on those issues in this case. *Sundance*, 550 F.3d at 1363.

While a witness may satisfy the minimum requirements to qualify as an expert,

---

[3]Two Moms did not address whether Mr. Milner otherwise qualified as a person of ordinary skill in the art.

his or her level of expertise may nevertheless affect the reliability of the opinions expressed. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994). Thus, even though Mr. Milner is qualified to express his opinion on invalidity, the Court has an independent duty to analyze whether his proffered opinions are reliable. *See Crabbe*, 556 F. Supp. 2d at 1220 (noting that, pursuant to Rule 702, reliance on a witness' qualifications is no longer sufficient foundation to admit expert testimony but remains a threshold requirement which, if not met, requires exclusion of expert opinions).

### B.   Assisting the Trier of Fact

Two Moms argues that the Court should exclude Mr. Milner's opinions with regard to obviousness and anticipation because these opinions will not assist the trier of fact. Docket No. 226 at 3. Two Moms contends that the claims disclosed in United States Patent No. 6,782,567 (the "'567 patent") and the elements contained in the prior art are easily understandable and therefore expert opinion is unnecessary. *Id.* at 3-4. IPT responds that the need for expert testimony ultimately depends on the Court's determination of the level of skill in the relevant art. Docket No. 228 at 6-7. IPT asserts that, even if the Court were to find that the level of skill in the art is that of a layperson, expert testimony should still be admissible to the extent it is relevant. *Id.* at 6.

To begin, the Court finds Two Moms' reliance on *Chore-Time Equip., Inc. v. Cumberland Corp.*, 713 F.2d 774, 779 (Fed. Cir. 1983), unpersuasive. In *Chore-Time*, the Federal Circuit found no error where the district court did not identify a level of skill in the art "because the subject matter of the patent and the prior art were . . . so easily understandable." *Id.* The prior art in that case related to bird feeders and the district

court found the level of skill was "a level of skill . . . of the ordinary layman of average intelligence." *Id*. at 779 n. 2. Here, because the Court finds that a person of ordinary skill in the art possesses knowledge beyond that of a layperson, *Chore-Time* is inapplicable. *See Grape Tech. Group, Inc. v. Jingle Networks, Inc.*, 841 F. Supp. 2d 845, 857 (D. Del. 2012) (finding expert testimony necessary because the asserted prior art related to call distribution systems, cellular radiotelephone systems, internet site searching technologies, and other technologies beyond the grasp of most laypersons).

Two Moms' citation to *Byrne v. Wood*, 450 F. App'x 956 (Fed. Cir. 2011), is similarly unavailing. In *Byrne*, the Federal Circuit held that "there may be situations in which the technology at issue is at such a level that it does not require technical expert testimony, and the failure to identify a level of skill in the art will be harmless." *Id*. at 964. As discussed above, this is not such a case. Here, expert testimony is permissible because the level of skill in the ordinary art is beyond the knowledge of the average layperson.

Although the Federal Circuit previously upheld the exclusion of expert testimony in cases where patents were not unduly complex, *Union Carbide Corp. v. Am. Can Co.*, 724 F.2d 1567, 1573 (Fed. Cir. 1984), the Federal Circuit recently noted that "patents are not for inventions of law; they are for inventions of technology . . . [thus the] exclusion of a technical expert may deprive the decisionmaker of knowledge and perspective relevant to the adjudication." *Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, --- F.3d ----, 2012 WL 4215890, at *8 (Fed. Cir. Sept. 21, 2012). A comparison of the claims and specifications disclosed in the '567 patent to the

elements contained in the prior art is subject matter that is complex enough to fall beyond the grasp of an ordinary layperson. *See Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008) (upholding a district court's ruling limiting the scope of an expert witness because the subject matter was sufficiently complex to fall "beyond the grasp of an ordinary layperson"). Accordingly, because Mr. Milner's testimony comparing the '567 patent to the prior art draws on his specialized knowledge and expertise in making and designing toys – i.e., subject matter not within the knowledge of the average layperson – it is admissible as it will assist the trier of fact in understanding the technical issues presented in this case. *See BorgWarner, Inc. v. Honeywell Int'l, Inc.*, 750 F. Supp. 2d 596, 616 (W.D.N.C. 2010) (testimony of patentee's expert did not improperly invade province of jury; expert could provide substantive opinions based on his analysis of technical materials that jury may have required assistance in understanding).

### C.   Reliability

Two Moms argues that the Court should exclude Mr. Milner's expert opinions because his report is conclusory and based on an incomplete analysis of the prior art. Docket No. 226 at 4-5. Specifically, Two Moms contends that Mr. Milner's report is unreliable because: (1) it erroneously claims that the prior art reveals a "desire" to create a children's toy that may be used for "continuous play"; (2) Mr. Milner does not mention that the standard for finding obviousness is heightened if the examiner considered the prior art; and (3) Mr. Milner's expert report erroneously states that the PTO did not "consider any examples of battery powered pumps," Docket No. 167-4 at

21, ¶ 72, during the examination of the '567 patent.  Docket No. 226 at 4-5.

In this regard, Two Moms' argument does not challenge the reliability of the methodology applied by Mr. Milner.  Instead, it argues only that Mr. Milner was mistaken with respect to certain facts at issue.  However, such a challenge does not limit the admissibility of Mr. Milner's opinions, but rather goes to the weight of the testimony. *Dodge*, 328 F.3d at 1222 (noting that an expert opinion "must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation, . . . absolute certainty is not required."); *Bitler v. A.O. Smith Corp.*, 391 F.3d 1114, 1121 (10th Cir. 2004) ("it is the specific relation between an expert's method, the proffered conclusions, and the particular factual circumstances of the dispute, and not asymptotic perfection, that renders testimony both reliable and relevant").

Typically, to determine the reliability of expert testimony, courts do not focus on the correctness of the opinion; rather, the proponent of the expert must prove that the "witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied." *Crabbe*, 556 F. Supp. 2d at 1221.  When an expert's testimony is based on knowledge and experience, the proponent need only show that the testimony has a reliable basis in the relevant discipline and must fit the facts of the case.  *Kumho*, 526 U.S. at 149-50. Experts such as Mr. Milner who rely "primarily on experience," must explain "how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."  Fed. R. Evid. 702,

Adv. Comm. Notes (2000).

Generally, testimony concerning anticipation must identify each claim element in the challenged patent, state the witness' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315-16 (Fed. Cir. 2002). After reviewing Mr. Milner's report, the Court finds that his report on anticipation follows this generally accepted method. In his report, Mr. Milner compared Claim 1 of the '567 patent to elements disclosed in the prior art that were not considered by the PTO. *See* Docket No. 167-4 at 26-33 (comparing prior art patents to the claims at issue in the '567 patent). In addition, Mr. Milner provided a detailed discussion of his interpretation of the elements found in Claim 1 of the '567 patent, the elements found in the prior art, and a discussion of how he reached his conclusion on anticipation. *See id*. Similarly, Mr. Milner's report on obviousness addressed the four factors identified by the Supreme Court in *Graham v. John Deere*, 383 U.S. 1 (1966), and later reaffirmed by the Court in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007). *See* Docket No. 167-4 at 15-17, ¶¶ 53-58 (discussing the '567 patent and (1) the level of ordinary skill in the art; (2) the scope and content of the prior art; (3) the differences between the claimed invention and the prior art; and (4) the evidence of secondary factors such as commercial success, long-felt need, and failure of others). Thus, because Mr. Milner's expert report explains how he applied his experience to the facts of this case to reach his opinions, it is grounded in reliable methodology.

As the Federal Circuit noted in *Sundance*, issues of infringement and validity "are

11

analyzed in great part from the perspective of a person of ordinary skill in the art, and testimony explaining some technical evidence from that perspective may be of great utility to the factfinder."  550 F.3d at 1361.  Accordingly, because Mr. Milner utilized generally accepted methods in reaching his conclusions, the Court will decline Two Moms' motion to exclude the entirety of Mr. Milner's opinions on obviousness and anticipation.  *See Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999); *Stryker Spine v. Biedermann Motech GmbH*, 684 F. Supp. 2d 68, 100-101 (D.D.C. 2010) (noting that the objections went to the weight of his testimony rather than its admissibility because the expert had the level of skill in the art and the teachings of the claims were based on his expertise in the relevant field even though the expert did not consider several relevant prior art sources).

### D.  Rule 403

Finally, Two Moms argues that Mr. Milner's expert report should be excluded because "any probative value [Mr. Milner's testimony may have] . . . is outweighed by the potential it has to confuse and mislead the jury."  Docket 226 at 5.  Two Moms claims that this is especially relevant because "plaintiff has no expert to counter Mr. Milner's assertions."  *Id*.

Generally, expert scientific testimony that is admissible under Rule 702 may nonetheless be excluded under Rule 403 of the Federal Rules of Evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confus[ion] of the issues, [or] misleading the jury."  Fed. R. Evid. 403. *See also Daubert*, 509 U.S. at 595.  Thus, expert testimony that is relevant and satisfies *Daubert* scrutiny

may nonetheless be excluded if it is likely to be misinterpreted or misused by the jury.

In this case, the Court finds that the probative value of Mr. Milner's testimony is not substantially outweighed by the dangers of unfair prejudice or confusion. As discussed above, Mr. Milner's report on invalidity relies on generally accepted methods, Mr. Milner qualifies as a person of ordinary skill in the art, and Two Moms had ample opportunity to depose Mr. Milner or otherwise rebut his expert report. Two Moms' failure to do so is not a legitimate basis to support a finding of prejudice. Moreover, to the extent plaintiff argues that the alleged mistakes in Mr. Milner's report could confuse a jury, the Court finds that this concern is minimized because Two Moms may fully explore this issue at trial during cross-examination. Accordingly, the Court finds no reason to exclude Mr. Milner's expert testimony pursuant to Rule 403.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Exclude the Expert Testimony of Defendant International Playthings, LLC's Expert Ronald Milner on the Issues of Patent Validity, Patent Infringement and the Scope and Content of the Prior Art Pertaining to U.S. Patent No. 6,782,567 [Docket No. 226] is **DENIED**.


DATED October 24, 2012.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge


13