IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02271-PAB-BNB

TWO MOMS AND A TOY, LLC, a Colorado limited liability company,

Plaintiff,

v.

INTERNATIONAL PLAYTHINGS, LLC, a Delaware limited liability company,
GOLOS WEISMAN DESIGN, LTD., an Israel partnership, and
YOOKIDOO, LTD., an Israel partnership,

Defendants.

---

**ORDER**

---

This matter is before the Court *sua sponte* upon review of the docket.  On
September 16, 2010, plaintiff Two Moms and a Toy, LLC ("Two Moms")
brought this action against defendants International Playthings, LLC ("IPT"), Golos
Weisman Design, Ltd. ("GWD"), and Yookidoo, Ltd. ("Yookidoo") because of alleged
infringement of United States Patent No. 6,782,567 (the "'567 Patent").[1]

On February 22, 2012, plaintiff purportedly served Yookidoo and GWD, two
Israeli partnerships, Docket No. 164, and, after GWD failed to appear or otherwise
respond to the case, plaintiff secured an entry of default against GWD.  Docket No.
168.  On March 1, 2012, plaintiff requested an additional 30 days to serve Yookidoo,
Docket No. 171, which was granted by the magistrate judge.  Docket No. 173.  On April

---

[1]The '567 patent was applied for by and issued to inventors Linda Austin and
Anne Argent, who assigned the patent to Two Moms. Docket No. 119 at 5-6, ¶¶ 10.

11, 2012, plaintiff served Yookidoo, Docket No. 210, and on August 22, 2012 secured an entry of default against it.  Docket No. 230.  However, because plaintiff's methods of service were defective, the Court vacated the entries of default against defendants Yookidoo and GWD.  *See* Docket Nos. 245, 251, 266.

On October 24, 2012, the Court issued an order [Docket No. 270] granting in part and denying in part IPT's supplemental motion for summary judgment [Docket No. 167]. In the order, the Court found that, pursuant to 35 U.S.C. § 103, the '567 patent was invalid as obvious.  In light of the Court's order, plaintiff's claims against GWD and Yookidoo are now moot; however, Yookidoo and GWD remain as unserved parties in the litigation.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if proper service of the summons and complaint is not made within 120 days after the filing of the complaint, the district court must nonetheless grant an "appropriate" extension of time upon a showing by the plaintiff of "good cause for the failure."  Fed. R. Civ. P. 4(m); *see also Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995).  If the plaintiff fails to show good cause, the district court retains discretion either to: (1) dismiss the action without prejudice, or (2) direct that service be effected within a specified time.[2] *Id.*; *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000).

Rule 4(h) describes the procedures for service of process of foreign

---

[2]"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. 'Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'"  *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).

corporations.  Fed. R. Civ. P. 4(h).  Pursuant to Rule 4, if a foreign corporation is served outside of a district of the United States, Rule 4(h)(2) directs that service be made pursuant to Rule 4(f), which allows for service outside of a judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice," such as the Hague Convention.  Fed. R. Civ. P. 4(f)(1).[3]  Because the United States and Israel are signatories of the Hague Convention, plaintiff was required to attempt to serve GWD and Yookidoo pursuant to the dictates of the Hague Convention.  *See Advanced Aerofoil Technologies, AG v. Todaro*, 2012 WL 299959, at *2 (S.D.N.Y. Jan. 31, 2012) ("[T]he Hague Convention's procedures for service are mandatory because Switzerland and Germany, the countries in which Plaintiffs sought to serve the documents on the foreign defendants, are signatories to that Convention.").

As noted in the Court's previous orders, plaintiff has not served Yookidoo and GWD pursuant to the Hague Convention.  *See* Docket Nos. 245, 266.  In addition, plaintiff has not argued that Rule 4(f)(2)[4] applies nor has it requested an order from the Court for service "by other means not prohibited by international agreement" pursuant

---

[3]Because Rule 4(h)(2) explicitly incorporates the methods of service prescribed in Rule 4(f), courts have recognized that the 120-day time limit does not apply to service in foreign countries of individual or corporate defendants.  *Nylok Corp. v. Fastener World,* Inc., 396 F.3d 805, 806 (7th Cir. 2005); *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co. Ltd.*, 805 F. Supp. 3, 4-5 (E.D.N.Y. 1992); *Maale v. Francis*, 258 F.R.D. 533, 535 n.2 (S.D. Fla. 2009); *Flock v. Scripto-Tokai Corp.*, 2001 WL 34111630, at *5 (S.D. Tex. July 23, 2001).

[4]Rule 4(f) does allow service by certain other means that are "reasonably calculated to give notice" "if an international agreement allows but does not specify other means." Fed. R. Civ. P. 4(f)(2).  However, when Israel ratified the Hague Convention, it rejected service by other means.  *See Doe I v. State of Israel*, 400 F. Supp. 2d 86, 103 (D.D.C. 2005).

3

to Rule 4(f)(3).  *See* Docket No. 266 at 3-4.  Given that plaintiff has failed to comply with the procedures authorized by Rule 4 for service upon a foreign corporation, the Court must next determine whether there is good cause to grant plaintiff an extension.

The Court finds that there is no reason to excuse plaintiff's failure to effectuate proper service.  Plaintiff has had two years to serve GWD and Yookidoo and has not explained why it could not successfully serve these defendants.  After the Court issued orders vacating the entry of default against Yookidoo and GWD, plaintiff did not file a motion to effectuate service pursuant to Rule 4(f)(3) or otherwise evince an intent to do so.  In addition, as noted above, plaintiff's claims for relief are now moot and therefore service of process on Yookidoo and GWD is not relevant at this juncture in the case. Accordingly, because plaintiff has failed to show good cause for its failure to serve Yookidoo and GWD, the Court will dismiss this action without prejudice as to those defendants pursuant to Rule 4(m).[5]  *Hern*, 216 F.3d at 912.

For the foregoing reasons, it is

**ORDERED** that plaintiff Two Moms and a Toy, LLC's claims against defendants Golos Weisman Design, Ltd and Yookidoo, Ltd. are dismissed without prejudice.  It is further

**ORDERED** that this case is dismissed in its entirety.

---

[5]Because there is no mandatory 120-day time limit to serve foreign defendants, "courts have used a flexible due diligence standard in determining whether service of process under Rule 4(f) is timely."  *Ambriz Trading Corp. v. URALSIB Fin. Corp.*, 2011 WL 5844115, at *5 (S.D.N.Y. Nov. 21, 2011) (citation omitted).

DATED October 29, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge